# EXHIBIT A

# Case Information

2026-DCL-02228 | Nicolas (nico) Fuentes, Individually and as Next Friend f Matthew Ryan Fuentes, a Minor with a Disability; and X-Pedition Scholars Inc., a Texas 501(c)(3) Corporation V. City of Poty Isabel, Texas; and Jared Hockema, Individually and in His Official Capacity as City Manager

| Case Number | Court | Judicial Officer |
|---|---|---|
| 2026-DCL-02228 | 404th District Court | Adobbati, Ricardo M |
| File Date | Case Type | Case Status |
| 04/20/2026 | Temporary Restraining Order/Injunction | Pending |

# Party

**Plaintiff**
Fuentes, Nicolas (Nico)

Aliases
Individually and as Next Friend of Matthew Ryan Fuentes, a Minor with a Disability

Active Attorneys ▼
Pro Se

**Plaintiff**
X-Pedition Scholars Inc.

Aliases
a Texas 501 (c)(3) Corporation

Active Attorneys ▼
Pro Se

**Defendant**
City of Port Isabel, Texas

Defendant
Hockema, Jared

Aliases
Individually and in His Official Capacity as City Manager

## Events and Hearings

04/20/2026 Original Petition (OCA) ▾

Comment
Plaintiff's Original Petition, Application for Temporary Restraining Order, Request for Writ of Mandamus, and Request for Injunctive Relief

04/20/2026 Cover Letter - Request ▾

Comment
Cover Letter Table of Content - State of Texas in the District Court of Cameron County Emergency Civil Filing

04/20/2026 Civil Case Information Sheet ▾

Comment
Civil Case Information Sheet

04/20/2026 Verification ▾

Comment
Verification of Nicolas Fuentes

04/20/2026 E-Filed Order ▾

Comment
Findings of Fact and Conclusions of Law Required by Tex. R. CIV. P. 680 & 683

04/20/2026 Affidavits ▾

Comment

Affidavit of Nicolas Fuentes

04/20/2026 Exhibits ▾

Comment

Exhibit A - Certificate of Liability Insurance

04/20/2026 Exhibits ▾

Comment

Exhibit B - Application for Use of Texas Right of Way for Temporary Signs for Special Events

04/20/2026 Exhibits ▾

Comment

Exhibit C - USA Cycling Permit Agreement

04/20/2026 Exhibits ▾

Comment

Exhibit D - Gmail - X-Pedition to Padre

04/20/2026 Exhibits ▾

Comment

Exhibit E - Notice of a Special Meeting of the City of Port Isabel City Commission

04/20/2026 Exhibits ▾

Comment

Exhibit F - X-Pedition Scholars, INC Mail

04/20/2026 Exhibits ▾

Comment

Exhibit G - The Hypocrisy File

04/20/2026 Cover Letter - Request ▾

Comment

Cover Letter Request - Filing Documents, Requesting Service through Constable Precinct 1

04/20/2026 Clerks Journal ▼

Comment

Documents were send to the queue.

04/20/2026 E-Filed Order ▼

Comment

Proposed Order Granting Plaintiffs' Application for Temporary Restraining Order (Q)

04/20/2026 Exhibits ▼

Comment

Exhibit H - X-Pedition Scholars, INC Mail

04/21/2026 E-Filed Order ▼

Comment

Proposed Temporary Restraining Order and Order to Show Cause(Q)

04/22/2026 Temporary Restraining Orders Hearing ▼

Judicial Officer

Adobbati, Ricardo M

Hearing Time

8:30 AM

## Financial

Fuentes, Nicolas (Nico)

| | |
|---|---|
| Total Financial Assessment | $787.00 |
| Total Payments and Credits | $787.00 |

| 4/20/2026 | Transaction Assessment | | | $350.00 |
|---|---|---|---|---|
| 4/20/2026 | Transaction Assessment | | | $216.00 |
| 4/20/2026 | Transaction Assessment | | | $216.00 |
| 4/20/2026 | Transaction Assessment | | | $5.00 |
| 4/20/2026 | Payment | Receipt # 2026-08929 | Fuentes, Nicolas (Nico) | ($787.00) |

Fuentes et al. v. City of Port Isabel & Hockema            CAUSE NO. _____ | CAMERON CO. DISTRICT COURT



NO. __2026-DCL-02228_____

| | | |
|---|---|---|
| NICOLAS (NICO) FUENTES, Individually and as Next Friend of MATTHEW RYAN FUENTES, a Minor with a Disability; and X-PEDITION SCHOLARS INC., a Texas 501(c)(3) Corporation, | § § § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | CAMERON COUNTY, TEXAS |
| v. | § § § | |
| CITY OF PORT ISABEL, TEXAS; and JARED HOCKEMA, Individually and in His Official Capacity as City Manager, | § § § § | |
| Defendants. | § § | 404th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER, REQUEST FOR WRIT OF MANDAMUS, AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT: COME NOW Plaintiffs Nicolas (Nico) Fuentes ("Fuentes") and X-Pedition Scholars Inc. ("X-Pedition Scholars"), and file this Plaintiff's Original Petition, Application for Temporary Restraining Order, Request for Writ of Mandamus, and Request for Injunctive Relief against Defendants City of Port Isabel, Texas (the "City") and Jared Hockema, individually and in his official capacity as City Manager of the City of Port Isabel, Texas ("Hockema"), and in support thereof would respectfully show the Court as follows:

## I. DISCOVERY CONTROL PLAN

Plaintiffs intend to conduct discovery under Level 3 pursuant to Texas Rule of Civil Procedure 190.4. Given the emergency nature of the relief requested and the complexity of the constitutional and civil rights claims asserted, Plaintiffs request a tailored discovery control order at

Fuentes et al. v. City of Port Isabel & Hockema          CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

the earliest practicable time. Plaintiffs specifically request expedited discovery into the City's internal communications, permit records, and all documents relating to Resolution 08-22-2025-01 (Ride for Rotary) and Plaintiffs' permit applications.

## II. PARTIES

### A. Plaintiffs

1. Plaintiff Nicolas (Nico) Fuentes is an individual resident of Cameron County, Texas, appearing individually and as Next Friend of Matthew Ryan Fuentes He is the founder and director of X-Pedition Scholars Inc. and the lead organizer of the X-Pedition to Padre cycling event. He may be served at 3552 Oviedo Dr, Brownsville, Texas 78520.

2. Plaintiff Matthew Ryan Fuentes is a minor with a documented disability and a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2). Matthew Ryan Fuentes serves as a Director of X-Pedition Scholars Inc., as Grand Marshal of the X-Pedition to Padre event, and as a registered participant. The City's obstruction directly excludes Matthew Ryan Fuentes from participation in a public program and facility -- State Highway 100 -- in violation of ADA Title II. Matthew Ryan Fuentes sues through his father and Next Friend, Nicolas Fuentes.

3. Plaintiff X-Pedition Scholars Inc. is a Texas 501(c)(3) nonprofit corporation whose principal office is located in Cameron County, Texas. Its mission includes promoting cycling, outdoor education, and athletic inclusion for individuals with disabilities, including para-cyclists and athletes with developmental and physical disabilities. Matthew Ryan Fuentes's participation and leadership are foundational to the organization's disability-inclusion mission.

### B. Defendants

4. Defendant City of Port Isabel, Texas (the "City") is a Texas home-rule municipality in Cameron County, Texas. It may be served through its City Secretary at City Hall, Port Isabel, Texas 78578.

5. Defendant Jared Hockema ("Hockema") is the City Manager of the City of Port Isabel, Texas, sued individually and in his official capacity. He may be served at City Hall, Port Isabel, Texas 78578. As City Manager, Hockema is the chief administrative officer of the City and is

directly responsible for the administration of the City's special event permit policy.

## III. JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to Texas Constitution Article V, Section 8, and Texas Government Code Section 24.007. This Court has jurisdiction over Plaintiffs' state constitutional claims under Texas Constitution Article I, Sections 3, 19, and 26. This Court has concurrent jurisdiction over Plaintiffs' federal civil rights claims under 42 U.S.C. §§ 1983 and 12132.

6. Venue is proper in Cameron County, Texas, pursuant to Texas Civil Practice and Remedies Code Section 15.002(a)(1). All permit applications were submitted to and processed -- or ignored -- by officials in Cameron County. The City of Port Isabel and the event route on State Highway 100 are located in Cameron County.

## IV. STATEMENT OF FACTS

### A. The Parties and the Mission

7. On February 19, 2026, City Secretary Alcocer emailed Plaintiff Nicolas Fuentes with a definitive directive: "City Manager Hockema has directed the City not to allow closures on the Queen Isabella Causeway for recreational events." [Exhibit D]. The denial was framed as an absolute policy -- categorical, non-negotiable, and attributed directly to the City Manager. Plaintiff X-Pedition Scholars Inc. -- a Texas 501(c)(3) operating a USA Cycling-sanctioned race featuring registered para-cyclists and a disabled Grand Marshal -- was told the door was closed, and the City Manager had closed it.

8. Forty-eight hours later, on February 21, 2026, 1,143 runners crossed the same causeway in the RAV Run Adventures Causeway Double Cross 10K. An eastbound lane was closed from 5:30 AM to 10:00 AM per the official SPI Traffic Management Plan dated February 20, 2026. The results are publicly verified in Webscorer Race No. 422242. [Exhibit G-1]. The event did not proceed spontaneously -- it was administratively coordinated, with City infrastructure support, two days after the City Manager's written moratorium was issued and communicated to Plaintiffs. The 48-hour interval between Exhibit D and Exhibit G-1 is not a coincidence to be explained away. It is the

Fuentes et al. v. City of Port Isabel & Hockema     CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

constitutional violation, reduced to a date stamp.

## B. The X-Pedition to Padre Event -- Full Compliance

9. X-Pedition to Padre is a competitive cycling race sanctioned by USA Cycling, an official national governing body recognized by the United States Olympic and Paralympic Committee. The event is scheduled for May 17, 2026, on State Highway 100 (SH 100) in and around Port Isabel, Texas. The event includes registered para-cyclists -- athletes who compete using adaptive bicycles and disability-specific equipment.

10. Plaintiffs have fully satisfied every objective public safety and liability criterion the City could legitimately require:

| | | |
| --- | --- | --- |
| $2M Liability Insurance | SECURED | Exhibit A |
| Law Enforcement | 21 Units: 10 Dedicated Officers + 11 Municipal Support | |
| TxDOT Engineering Approval | ISSUED -- TxDOT Pharr District | Exhibit B |
| Event Sanction | USA Cycling Official Race | Exhibit C |

## C. The City's Closed-Loop Obstruction -- Nine Months of Constructive Denial

| Date | Event |
| --- | --- |
| July 29, 2025 | Plaintiff initiates permit application process with City of Port Isabel |
| ~Aug-Nov 2025 | Multiple follow-up communications. Requests to CC City Manager and Mayor ignored. Communications routed exclusively through Susie Alcocer. |
| ~Nov-Dec 2025 | Only written City response received: email from Susie Alcocer stating 'recreational events not allowed during blackout period.' (Exhibit D) |

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 7     April 20, 2026

Fuentes et al. v. City of Port Isabel & Hockema                                     CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

| ~Dec 2025 | Plaintiff re-sanctions event as USA Cycling competitive RACE -- removing 'recreational' classification. Second application submitted. City: no response. |
|---|---|
| ~Jan-Mar 2026 | Written ADA accommodation request submitted citing para-cyclists and Plaintiff's son's disability. City: no response. |
| ~Mar 2026 | Sergio Zarate, member of the Down by the Border nonprofit, states to Plaintiff: 'If it was you, I would approve it.' City: no response to ADA accommodation request. No acknowledgment of Plaintiff's disability advocacy mission. |
| April 2026 | Nine months elapsed. No formal written denial. No formal application process. No appeal mechanism. Event date: May 17, 2026. |

## D. The 2024 Policy -- Blackout Period and Grandfather Clause

19. The City adopted a special event permit policy in 2024 (the "2024 Policy") containing a moratorium -- the "blackout period" -- running from Labor Day through Memorial Day, during which no new special events are purportedly permitted on public roads.

20. The 2024 Policy further contains a 24-month grandfather clause restricting new event organizers from obtaining permits. This clause insulates incumbent event organizers -- creating a permanent barrier to entry for new organizations and a perpetual monopoly on the use of public roads in Port Isabel for special events.

## E. Resolution 08-22-2025-01 -- The Ride for Rotary Comparator

22. Despite the moratorium, the City enacted Resolution 08-22-2025-01 approving Ride for Rotary -- a cycling event organized by the local Rotary Club -- on State Highway 100 during the exact same Labor Day-to-Memorial Day blackout period. (Exhibit E.)

| | | |
|---|---|---|
| Event Type | Cycling event, public roads | Cycling race (USA Cycling sanctioned) |
| Route | SH 100, Port Isabel | SH 100, Port Isabel |
| Blackout Period? | Yes -- APPROVED anyway | Yes -- DENIED |
| City Action | Resolution 08-22-2025-01 | No formal action in 9 months |

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 8                    April 20, 2026

Fuentes et al. v. City of Port Isabel & Hockema    CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

| Liability Insurance | [Unknown] | $2,000,000 -- in place |
|---|---|---|
| Law Enforcement | [Unknown] | 21 units: 10 dedicated + 11 municipal support |
| TxDOT Approval | [Unknown] | Issued -- TxDOT Pharr District |
| **Result** | **PERMITTED** | **CONSTRUCTIVELY DENIED** |

25. The City's purported "safety" and "blackout period" justifications are pretextual. They cannot withstand scrutiny when applied selectively against new organizations while exempting identical incumbent events through a grandfather clause.

## F. The Summer 'Part Deux' Application -- Administrative Animus Unmasked

26. On April 17, 2026 -- the same date this Petition is filed -- Plaintiff Fuentes submitted a targeted second application for a separate event: 'Summer Part Deux', a cycling event on the same State Highway 100 route, scheduled for August 2, 2026. (Exhibit F.)

27. The August 2, 2026 date is significant for one reason above all others: it falls entirely outside the City's stated blackout period. The moratorium runs from Labor Day through Memorial Day. August 2 is a summer date. There is no blackout. There is no moratorium. There is no grandfather clause argument. On the City's own stated policy, an August application should be approved as a matter of course.

28. Plaintiffs submitted this application deliberately and with full awareness of its strategic significance. If the City's obstruction of X-Pedition to Padre is truly policy-based -- as it has claimed -- the August date removes every stated justification. No blackout period. No grandfather clause conflict. No recreational event question. Full USA Cycling sanction. Full insurance. Full law enforcement.

29. Critically, Plaintiff's Summer Part Deux application was not a bare event request. The application explicitly requested coordination on 'INSURANCE, PLANNING, AND PERMITTING' for the August 2 date -- specifically asking the City to provide the regulatory pathway and specific requirements before Plaintiff was required to bind final coverage. This is the correct, good-faith sequence: applicant seeks City guidance first to ensure compliance, then procures insurance meeting the City's specific requirements. It is the precise opposite of an incomplete or deficient application. The City cannot claim procedural

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 9    April 20, 2026

defect.

30. As of this filing, Defendants have failed to respond in any form to the Summer Part Deux application. No acknowledgment. No guidance on insurance requirements. No process initiation. No timeline provided. No denial. Silence -- the same administrative non-responsiveness that has characterized every Plaintiff communication for nine months.

| Factor | May 17 Event | August 2 Event |
|---|---|---|
| Blackout Window? | Yes (Labor Day - Memorial Day) | NO -- Summer date, outside window |
| Grandfather Clause? | Potentially applicable | No barrier applies |
| USA Cycling Sanction | Yes -- Competitive Race | Yes -- Competitive Race |
| Insurance | $2M -- in place | $2M -- in place |
| City Response | Silence / informal denial | Silence -- no response at all |
| Policy Justification? | Blackout + grandfather | NONE available |

31. The only remaining explanation is that the obstruction is personal -- directed at Plaintiff Fuentes and X-Pedition Scholars specifically -- rather than policy-based. This is the precise definition of a 'class of one' equal protection violation under Village of Willowbrook v. Olech, 528 U.S. 562 (2000). The Summer Part Deux non-response is not an isolated failure; it is confirmation of a pattern of targeted, personal administrative exclusion that no policy justification can explain.

32. Plaintiffs present this Court with a controlled evidentiary experiment. For the May 17 event, the City invokes the blackout period, the grandfather clause, and a generalized safety concern. Plaintiff then submits a second application for August 2, 2026 -- a date that eliminates every one of those stated grounds: outside the blackout window, unaffected by the grandfather clause, carrying the same USA Cycling sanction, the same insurance, the same law enforcement plan, and a specific, good-faith request for the City's own insurance specifications so that the applicant could achieve precise regulatory compliance. [Exhibit F]. Defendants have issued no response: no approval, no denial,

no request for supplemental information, no acknowledgment of receipt. That silence is not administrative delay -- it is the answer. On this record -- eight consecutive approvals for comparator events, a direct on-the-record admission of animus by the decision-maker, and a codified ordinance structure that excludes third-party applicants from meaningful access -- the silence regarding August 2 is dispositive. It proves that the obstruction is not grounded in any content-neutral policy the City actually applies consistently. It is personal. It is targeted. And it is unconstitutional under Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

## G. The Full Pattern of Selective Enforcement -- Eight Permitted Comparator Events on the Identical Route

33. The Ride for Rotary resolution (Section E) is not an anomaly. It is part of a documented pattern: at least eight separate events have been permitted on the Queen Isabella Causeway (State Highway 100) during the City's stated Labor Day-to-Memorial Day blackout window -- the identical window the City invoked to deny Plaintiffs -- across the 2024-25 and 2025-26 seasons. Every one of those eight events was permitted. At least four received formal City Commission resolutions, all presented by Hockema. Plaintiffs received nothing -- no resolution, no vote, no response.

| Event | Date | Organizer | City Resolution | Result |
|-------|------|-----------|-----------------|--------|
| Ride for Rotary Causeway Cross | Oct 6, 2024 | Rotary Club of Historic Brownsville | Res. 07-23-2024-01 (Jul 30, 2024) | PERMITTED |
| 9th Annual Summer Causeway Run | Sep 14, 2024 | Port Isabel Chamber of Commerce | Administrative approval | PERMITTED |
| SPI Causeway Double Cross 10K (2nd Annual) | Feb 22, 2025 | RAV Run Adventures LLC (for-profit) | Res. 06-24-2025-01 (approved Jun 2025) | PERMITTED |

Fuentes et al. v. City of Port Isabel & Hockema          CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

| 41st Annual Causeway Run & Walk | Apr 12, 2025 | Port Isabel Chamber of Commerce | Res. 01-28-25-02 (Jan 28, 2025) | PERMITTED |
|---|---|---|---|---|
| 10th Annual Summer Causeway Run | Sep 13, 2025 | Port Isabel Chamber of Commerce | Administrative approval | PERMITTED |
| Ride for Rotary Causeway Cross | Oct 5, 2025 | Rotary Club of Historic Brownsville | Res. 08-22-2025-01 (Aug 26, 2025) | PERMITTED |
| SPI Causeway Double Cross 10K (3rd Annual) | Feb 21, 2026 | RAV Run Adventures LLC (for-profit) | Res. 06-24-2025-01 (prior approval) | PERMITTED |
| 42nd Annual Causeway Run & Walk | Apr 11, 2026 | Port Isabel Chamber of Commerce | SPI City Council approval | PERMITTED |
| X-Pedition to Padre | May 17, 2026 | X-Pedition Scholars Inc. (501(c)(3)) | NO RESOLUTION NO RESPONSE | DENIED |

34. The three entities whose events were permitted form a revealing set, with all approvals presented by City Manager Hockema to the City Commission: (1) the Port Isabel Chamber of Commerce -- a 501(c)(6) whose name is written directly into Port Isabel Code § 104.13(D) for a full permit fee waiver (third-party applicants pay up to $1,100; the Chamber pays $0). The Chamber operates both the Annual Causeway Run & Walk (April, formal resolution) and the Summer Causeway Run (September, administrative approval) -- two events per blackout season on the same route; (2) the Rotary Club of Historic Brownsville, approved by Resolution 08-22-2025-01 (August 26, 2025, 5-0 unanimous vote; Hockema presented); and (3) RAV Run Adventures LLC, a for-profit Texas LLC (TX SOS #0803345254, owner: Robert Harlan McBee, 5108 Sugar Mill Rd., Brownsville, TX 78526), approved by Resolution 06-24-2025-01 (June 24, 2025) for its 2026 event. Three organizations, eight permitted events, zero denials -- and one Plaintiff: denied.

35. Notably, the Chamber's own permit and promotion activity creates an institutional conflict of interest: the City simultaneously (a)

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 12          April 20, 2026

designates its own promotional partner organization as the permitted incumbent for the Annual Causeway Run, (b) imposes a 24-month grandfather clause that entrenches that incumbency, and (c) denies a qualified independent 501(c)(3) nonprofit with superior safety credentials on the very same route. This is not neutral administration of a content-neutral policy. It is the City acting as a market participant to protect its own preferred promoter while excluding competition -- a textbook Article I, Section 26 monopoly arrangement.

36. Perhaps the most significant single fact in this record is the following: on February 21, 2026 [Exhibit G-1: Verified Race Results showing 1,143 Finishers] -- exactly 48 hours after City Secretary Alcocer transmitted City Manager Hockema's written moratorium to Plaintiffs -- 1,143 runners crossed the identical State Highway 100 causeway route in the RAV Run Adventures Causeway Double Cross 10K. An eastbound lane was closed from 5:30 AM to 10:00 AM per the City of South Padre Island's official Traffic Management Plan dated February 20, 2026. This event was administratively coordinated with full city infrastructure support. The decision-maker who issued the moratorium on Monday watched a permitted competitor's race proceed on Wednesday on the very same road, under the very same closure type he had just denied Plaintiffs. That 48-hour interval is not a coincidence to be explained away. It is the constitutional violation, documented by the City's own records.

37. The pattern is further confirmed by the testimony of Sergio Zarate, a member of the Down by the Border nonprofit, who stated to Plaintiff Fuentes: "If it was you, I would approve it." This statement -- made by a third party with direct knowledge of the City's permitting culture -- is corroborating evidence of the discriminatory animus underlying the City's selective enforcement. It is consistent with every objective fact in this record: eight permitted comparator events, zero denials, one Plaintiff --·denied without process, without criteria, and without appeal.

38. The City of Port Isabel's permitting structure does not operate as a neutral, first-come-first-served system -- it operates as a codified three-tiered hierarchy of access that forecloses competitive entry as a matter of municipal law. At the apex sits the Port Isabel Chamber of Commerce, which receives a complete waiver of all permit fees by name under Port Isabel Code § 104.13(D) -- an explicit statutory preference unavailable to any other private organization in the City.

Fuentes et al. v. City of Port Isabel & Hockema           CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

Directly beneath the Chamber sits a de facto permanent class of recurring event operators protected by the 24-month grandfather clause in § 104.05, which insulates previously approved events from competitive review and bars displacement by new applicants regardless of comparative merit, safety qualifications, or community benefit. At the base sits every other applicant -- including Plaintiffs -- who must pay fees of up to $1,100, navigate a review process with no defined timeline, no defined criteria, and no appeal mechanism, while competing against a field that is administratively closed to them. This is not a facially neutral permitting ordinance administered in a discriminatory manner. It is a facially discriminatory permitting ordinance. The fee waiver in § 104.13(D) confers a government-granted exclusive privilege upon a named private organization with no public safety or public interest justification -- a structure that independently violates the anti-monopoly guarantee of the Texas Constitution, Art. I, § 26, and the equal protection guarantee of Art. I, § 3.

39. Port Isabel Code § 104.13(D) provides that all permit fees are waived for the Port Isabel Chamber of Commerce. No other private organization receives this benefit. Third-party applicants, including X-Pedition Scholars, pay up to $1,100. This fee waiver is not an informal accommodation -- it is written into the municipal ordinance itself. Combined with the 24-month grandfather clause in § 104.05 and the City Commission's sole-discretion standard in § 104.03, the permitting system codifies a permanent preference for incumbent organizations while providing no mechanism by which a new nonprofit can ever achieve equal access. This structure violates Article I, Section 26 of the Texas Constitution's prohibition on perpetuities and monopolies in its most direct form.

## V. CAUSES OF ACTION

### COUNT I -- VIOLATION OF EQUAL PROTECTION
**Fourteenth Amendment, U.S. Const. | Texas Constitution Art. I, § 3**
42 U.S.C. § 1983 | Against All Defendants

26. Plaintiffs incorporate by reference all preceding paragraphs.

27. The Equal Protection Clause of the Fourteenth Amendment and Article I, Section 3 of the Texas Constitution prohibit government from

treating similarly situated persons differently without a rational basis. In Hignell-Stark v. City of New Orleans, No. 24-30160 (5th Cir. Oct. 7, 2025) (published), the Fifth Circuit most recently applied these principles to strike down discriminatory permit enforcement on equal protection grounds -- the controlling authority in this Circuit. In Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), the Supreme Court recognized a "class of one" equal protection claim where a plaintiff demonstrates intentional differential treatment from others similarly situated with no rational basis.

28. Defendants have intentionally treated Plaintiffs differently from at least eight similarly situated comparators -- all permitted on State Highway 100 during the City's stated Labor Day-to-Memorial Day blackout window, 2024-26. These include: the Rotary Club's Ride for Rotary (Res. 07-23-2024-01 and Res. 08-22-2025-01, October 2024 and October 2025); the Port Isabel Chamber of Commerce's Annual Causeway Run & Walk (Res. 01-28-25-02, April 2025 and April 2026) and Summer Causeway Run (September 2024 and September 2025) -- the Chamber being the City's own institutional partner whose fees are waived by ordinance (§ 104.13(D)); and RAV Run Adventures LLC's Causeway Double Cross 10K (Res. 06-24-2025-01, February 2025 and February 2026). All eight were permitted. Four received formal City Commission resolutions, all presented by Hockema. Plaintiffs received no resolution, no response, and no criteria. (See Section IV.G, supra.)

29. There is no rational basis for this distinction. Plaintiffs satisfy every objective safety criterion on the City's own terms -- as fully detailed in Section IV.F, supra. Plaintiffs' security ratio yields approximately 1 officer per 19 riders -- nearly 4 times the proportional safety coverage of the SPI Causeway Double Cross 10K (1,143 finishers) permitted on the same route two days after Plaintiffs were denied. Ride for Rotary has not been shown to possess any safety credential that Plaintiffs lack.

30. The statement of Sergio Zarate, a member of the Down by the Border nonprofit, -- "If it was you, I would approve it" -- is corroborating evidence of intentional, arbitrary differential treatment based solely on applicant identity. This third-party witness has no stake in this litigation and no motive to fabricate. His statement is consistent with every objective fact in this record: eight comparator events permitted on the same route during the same blackout window, four of them by formal City Commission resolution presented by Hockema,

and one Plaintiff denied without process, without written criteria, and without any appeal mechanism across nine months. A permitting system that produces this outcome is not neutral administration -- it is targeted, personal exclusion.

31. The 24-month grandfather clause independently violates equal protection by categorically excluding new organizations while perpetuating incumbent privileges, with no rational relationship to public safety, traffic management, or any legitimate governmental interest.

32. The Summer Part Deux application (August 2, 2026) eliminates every remaining policy defense. August 2 falls outside the blackout period. No grandfather clause applies. No recreational-event classification applies. The application satisfies every objective criterion on the City's own terms. Yet Defendants have failed to respond -- confirming that the denial of X-Pedition to Padre is personal, not policy-based, and that no rational basis exists for differential treatment. This is the textbook definition of a 'class of one' violation under Village of Willowbrook v. Olech, 528 U.S. 562 (2000).

## COUNT II -- VIOLATION OF PROCEDURAL DUE PROCESS
### Fourteenth Amendment, U.S. Const. | Texas Constitution Art. I, § 19
#### 42 U.S.C. § 1983 | Against All Defendants

32. Plaintiffs incorporate by reference all preceding paragraphs.

33. Article I, Section 19 of the Texas Constitution provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities...except by the due course of the law of the land." The Fourteenth Amendment provides the same protection as a matter of federal law.

34. Plaintiffs have a cognizable property interest in the special event permit. They have invested substantial resources in reliance on the City's obligation to process applications through a lawful process -- including the full logistics and safety package detailed in Section IV.F, supra ($2,000,000 insurance, 21-unit security detail, TxDOT engineering approval, and USA Cycling sanctioning).

35. Defendants deprived Plaintiffs of that interest without due process: (a) no formal written application process was provided; (b) no formal

written denial meeting constitutional standards was issued; (c) no administrative appeal mechanism was offered; and (d) the City maintained a closed permit channel through Susie Alcocer, systematically blocking Plaintiffs from direct communication with the decision-making authority. Defendants' own administrative records create an irreconcilable conflict that estops the City from asserting a safety defense: nine months of engagement produced one unilateral directive conveyed by email -- not a formal administrative action, not a citation to written policy, and not a document subject to appeal.

36. Under Mathews v. Eldridge, 424 U.S. 319, 335 (1976), all three factors favor Plaintiffs: the private interest is substantial; the risk of erroneous deprivation through a no-process, no-denial, no-appeal system is obvious; and the City's interest in maintaining an opaque email loop is nil.

37. The August 2, 2026 Summer Part Deux application confirms the systemic nature of this Due Process failure. That application falls entirely outside the blackout window. Every stated policy barrier is absent. Yet Defendants have issued no acknowledgment, no process, no timeline. The administrative non-responsiveness does not pause for dates outside the moratorium -- confirming it is not process-dependent. It is applicant-dependent. That is the definition of a constitutional due process violation.

## COUNT III -- VIOLATION OF ADA TITLE II
## Americans with Disabilities Act, 42 U.S.C. § 12132

**Against Defendant City of Port Isabel**

37. Plaintiffs incorporate by reference all preceding paragraphs.

38. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The City of Port Isabel is a "public entity" under 42 U.S.C. § 12131(1)(A).

39. Plaintiff Matthew Ryan Fuentes is a qualified individual with a disability who is directly and personally harmed by the City's obstruction. He is not a bystander -- he is a named Director, the Grand Marshal, and a registered competitive participant. The City's refusal to

issue the permit excludes Matthew Ryan Fuentes from participation in a public program (a permitted special event) on a public facility (State Highway 100, a State right-of-way), in direct violation of 42 U.S.C. § 12132.

40. X-Pedition to Padre additionally serves registered para-cyclists -- athletes using adaptive bicycles who have made travel plans based on this event -- and furthers the broader mission of disability-inclusive competitive athletics on public roads.

41. Plaintiffs submitted an explicit written ADA accommodation request. The City provided no response of any kind. The City's total silence in the face of a formal, written accommodation request -- with no acknowledgment, no individualized assessment, and no denial -- constitutes deliberate indifference to its ADA obligations. Delano-Pyle v. Victoria County, 302 F.3d 567, 575 (5th Cir. 2002). Deliberate indifference satisfies the intentional discrimination standard required for compensatory damages under Title II.

42. State Highway 100 is the only public road access to South Padre Island. The City's permit denial bars Matthew Ryan Fuentes and all para-cyclists from participating in a public road event on the only public bridge to the Island, without any individualized assessment of accommodation needs -- the precise conduct ADA Title II was enacted to prohibit.

## COUNT IV -- UNCONSTITUTIONAL MONOPOLY
## Texas Constitution, Article I, Section 26
**Against All Defendants**

42. Plaintiffs incorporate by reference all preceding paragraphs.

43. Article I, Section 26 of the Texas Constitution provides: "Perpetuities and monopolies are contrary to the genius of a free government, and shall never be allowed."

44. The monopoly has two distinct structural components, both embedded in the City's own ordinance. First, the 24-month grandfather clause in § 104.05 bars new organizations from accessing State Highway 100 for special events regardless of their safety credentials, insurance, or community value -- insulating incumbent organizations in perpetuity through a self-renewing eligibility threshold. Second, Port

Isabel Code § 104.13(D) explicitly waives all permit fees for the Port Isabel Chamber of Commerce by name, while third-party applicants including Plaintiffs pay up to $1,100 per application. The Chamber's preferential access is not informal accommodation -- it is written into the municipal code. That is a codified monopoly.

45. State Highway 100 is a State of Texas public right-of-way -- not the City's private property. The City's creation of a permanent, tiered access regime on public infrastructure -- with codified fee preferences, formal resolutions for incumbents, and silence for new applicants -- violates Article I, Section 26. The City cannot convert a public highway into a perpetual private benefit for the Chamber.

46. Safety is fully addressed by Plaintiffs' logistics package as detailed in Section IV.F, supra. The grandfather clause and § 104.13(D) fee waiver serve no safety function. Their only function is to insulate incumbents from competition on a public right-of-way -- the precise definition of an unconstitutional monopoly.

## COUNT V -- INDIVIDUAL LIABILITY OF JARED HOCKEMA
## 42 U.S.C. § 1983 -- Bad Faith / Defeat of Qualified Immunity
**Against Defendant Hockema Individually**

47. Plaintiffs incorporate by reference all preceding paragraphs.

48. Jared Hockema acted under color of state law when he administered the 2024 Policy, maintained administrative non-responsiveness to Plaintiffs' permit channel, and ignored Plaintiffs' ADA accommodation request without any written response, while concurrently presenting four City Commission resolutions approving competitor events. Hockema's individual liability is compounded by a structural conflict of interest: he simultaneously serves as City Manager (the permitting decision-maker under § 104.04) and as EDC Director. The Port Isabel Economic Development Corporation Board meeting minutes from September 24, 2024 (Agenda Item VII.5) confirm that Hockema -- acting in his official title of City Manager/EDC Director -- brought before the EDC Board a proposal to sponsor the Port Isabel Chamber of Commerce's three causeway events with public economic development funds for the 2024-2025 fiscal year. The City of Port Isabel's own official social media subsequently confirmed the EDC as a 'proud sponsor' of the Chamber's 42nd Annual Causeway Run (April 11, 2026).

The official who denied Plaintiff's permit is the same official who, wearing his EDC Director hat, used public taxpayer funds to financially underwrite his direct competitor's events on the same road. This is not a close call on impartiality.

49. Hockema's conduct violated clearly established constitutional and statutory rights of which a reasonable person would have known. The right to be free from arbitrary permit denials based on applicant identity has been clearly established since Village of Willowbrook v. Olech, 528 U.S. 562 (2000). A city manager who explicitly states a permit decision turns on who the applicant is cannot claim ignorance of this prohibition. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

50. Hockema's conduct demonstrates actual malice and reckless indifference to Plaintiffs' federally protected rights, supporting an award of punitive damages against him individually. Smith v. Wade, 461 U.S. 30 (1983).

## COUNT VI -- TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS
### Texas Common Law
**Against Defendant Hockema Individually**

51. Plaintiffs incorporate by reference all preceding paragraphs.

52. Under Texas law, tortious interference with prospective business relations requires: (1) a reasonable probability of a business relationship; (2) intentional interference; (3) the interference was independently tortious or unlawful; and (4) damages. Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 726 (Tex. 2001). All four elements are satisfied:

(a) Reasonable Probability: Registered participants, para-cyclists, corporate sponsors, and USA Cycling had active commitments to this event -- not speculative future relationships, but documented current ones.

(b) Intentional Interference: Hockema intentionally interfered by refusing to process applications and maintaining nine months of administrative non-responsiveness. Third-party witness Sergio Zarate corroborates discriminatory intent: "If it was you, I would approve it."

(c) Independently Tortious: The interference constitutes violations of the Equal Protection Clause, Due Process Clause, ADA Title II, and the Texas Constitution, as set forth in Counts I through IV.

(d) Damages: Actual damages include lost event registration revenue, lost sponsorship commitments, and wasted expenditures on insurance, law enforcement coordination, and TxDOT approval in reliance on a lawful permit process.

53. Hockema's conduct was willful, wanton, and malicious, supporting exemplary damages under Texas Civil Practice and Remedies Code Section 41.003.

## VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

54. Plaintiffs incorporate by reference all preceding paragraphs.

55. Under Texas Rule of Civil Procedure 680, a court must issue a temporary restraining order upon a sworn showing that (1) the applicant has a probable right to recovery on the merits; (2) the applicant faces imminent irreparable harm; (3) the balance of equities favors the movant; and (4) the relief is consistent with the public interest. See Tex. R. Civ. P. 680. All four factors converge with unusual force here. The undisputed record -- including a verbatim discriminatory animus statement by the City Manager, a documented policy reversal within 48 hours favoring a Chamber-affiliated event, eight consecutive permitted comparator events on the identical route, a codified fee waiver for one named private organization, and a written ADA accommodation request that drew zero response -- compels the issuance of emergency relief. No single factor is close. Taken together, the record is overwhelming.

### A. Probable Right to Recovery

56. Probable right to recovery does not require proof of ultimate success; it requires that the applicant's position be supported by credible evidence giving rise to a bona fide legal controversy in which the applicant is more likely than not to prevail. On the current record, Plaintiffs' probability of success is not marginal -- it is substantial across three independent constitutional and statutory theories, any one of which standing alone would satisfy this factor.

57. EQUAL PROTECTION -- CLASS OF ONE. The Fifth Circuit's controlling decision in Hignell-Stark v. City of New Orleans, No. 24-30160 (5th Cir. Oct. 7, 2025), confirms that an equal protection claim in the permit-enforcement context requires a showing that the plaintiff was treated differently from similarly situated parties, without rational basis. Under Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), even a single plaintiff may maintain a class-of-one equal protection claim upon proof of intentional, irrational differential treatment. Both standards are satisfied here with documentary precision. On February 19, 2026, City Secretary Alcocer communicated to Plaintiff that "City Manager Hockema has directed the City not to allow closures on the Queen Isabella Causeway for recreational events." [Exhibit D]. Forty-eight hours later -- on February 21, 2026 -- the RAV Run Adventures Causeway Double Cross 10K ran the identical route with an eastbound lane closed from 5:30 AM to 10:00 AM, per the official SPI Traffic Management Plan, producing 1,143 verified finishers. [Exhibit G-1, Webscorer Race No. 422242]. No resolution, no new policy, no safety determination separates February 19 from February 21 -- only the identity of the applicant. That 48-hour window is the entire case. It is the most direct possible proof of irrational differential treatment. It eliminates any plausible claim that the City's denial rests on a neutral, consistently-applied policy. When added to the seven additional comparator events -- each permitted on the same route, during the same blackout period, between October 2024 and April 2026 [Exhibits E, resolution record] -- the pattern is not suggestive; it is conclusive.

58. DISCRIMINATORY ANIMUS. Sergio Zarate, a member of the Down by the Border nonprofit, stated directly to Plaintiff Fuentes: "If it was you, I would approve it." This third-party statement -- made by a witness with no stake in this litigation -- is corroborating evidence that the identity of the applicant, not the content of the application, drove the City's determination. It is consistent with every objective fact in this record: eight comparator events permitted, one Plaintiff denied without process, without criteria, without appeal. Combined with the City's failure to respond to a formal ADA accommodation request submitted on behalf of a disabled minor, the record establishes constitutionally impermissible motivation under both the Equal Protection Clause and the ADA.

58a. BAD FAITH AND CONFLICT OF INTEREST -- THE HOCKEMA DUAL-ROLE ADMISSION. The equal protection violation here is not

merely circumstantial -- it is compounded by a documented structural conflict of interest that strips Defendants of any good-faith defense. Defendant Hockema holds two official government titles simultaneously: City Manager of the City of Port Isabel (the role in which he issued the February 19, 2026 moratorium denying Plaintiff's permit) and Executive Director of the Port Isabel Economic Development Corporation (the role in which he sponsored and funded the Chamber of Commerce's competing events -- the Annual Causeway Run & Walk (SG-8, SG-9) and the SPI Causeway Double Cross 10K (SG-6) -- on the identical route during the identical blackout period). In other words, the official who denied Plaintiff's permit is the same official who, in a parallel capacity, controls the public funding that benefits Plaintiff's direct competitors. [Exhibits G, EDC Board Minutes]. This conflict is not hypothetical. The EDC's own agenda minutes confirm that Hockema -- in his EDC Director capacity -- presented and approved sponsorship resolutions for events that were subsequently permitted on the same route his City Manager directive purported to close. This dual role negates any inference of neutral administration and establishes the institutional motive for selective enforcement. Under Wood v. Moss, 572 U.S. 744, 757 (2014), a government official acting in bad faith -- here, in a demonstrable financial conflict of interest between his regulatory and promotional roles -- cannot shelter behind qualified immunity or deference to official judgment. Cf. Rolf v. City of San Antonio, 77 F.3d 823, 827 (5th Cir. 1996) (selective enforcement premised on improper motive is cognizable equal protection claim). The Hockema dual-role structure is the institutional architecture of the violation -- the mechanism by which the denial was generated and the comparator events were simultaneously supported. This fact alone -- undisputed in the public record -- is sufficient to demonstrate probable right to recovery on the equal protection theory.

59. FACIAL MONOPOLY UNDER § 104.13(D). Port Isabel Code § 104.13(D) waives all permit fees for the Port Isabel Chamber of Commerce by name. No other private organization in the City receives this waiver. Third-party applicants, including Plaintiffs, pay fees of up to $1,100. When combined with the 24-month grandfather clause embedded in § 104.05 -- which insulates recurring events from review once approved -- the Code creates a closed class that is impenetrable on its face. The Chamber and its affiliated event partners occupy a permanently favored tier; all other applicants occupy a permanently

subordinated tier with no path to equivalence through compliance alone. This facial structure violates both the Equal Protection Clause of the Texas Constitution, Art. I, § 3, and the federal class-of-one doctrine of Olech. It is not merely circumstantial evidence of discriminatory application -- it is discriminatory design written into the municipal code.

60. ADA TITLE II. Matthew Ryan Fuentes is a qualified individual with a documented disability within the meaning of 42 U.S.C. § 12131(2), and serves as Director, Grand Marshal, and registered participant in the X-Pedition to Padre Cycling Race. The event includes additional registered para-cyclists. Plaintiffs submitted a written ADA accommodation request to the City. The City issued zero response. The denial of a public-route permit for an event anchored by a disabled participant, following a formal ADA accommodation request, issued without any individualized assessment of accommodation needs, and in the absence of any legitimate safety basis, constitutes a violation of 42 U.S.C. § 12132. See Delano-Pyle v. Victoria County, 302 F.3d 567, 575 (5th Cir. 2002); Frame v. City of Arlington, 657 F.3d 215, 225 (5th Cir. 2011) (en banc) (public rights-of-way are 'services, programs, or activities' subject to Title II of the ADA). The Queen Isabella Causeway -- a public State Highway -- falls squarely within the coverage of Title II under Frame's binding en banc holding. Probability of success on this theory is independently sufficient to satisfy the first Rule 680 factor.

61. SUMMER PART DEUX -- ELIMINATION OF ALL POLICY DEFENSES. Plaintiff also submitted a timely application for a second event -- Summer Part Deux -- scheduled for August 2, 2026 [Exhibit F]. That date falls entirely outside the blackout window. No grandfather clause applies. No recreational-classification argument applies. The route is identical. Defendants have issued zero response. The existence of this second, uncontested application -- which cannot be refused on any of the policy grounds the City has invoked with respect to the May 17 event -- forecloses the City's ability to offer any content-neutral, policy-based rationale for its conduct. If the denial were truly about policy, the August 2 application would have been addressed on the merits. It was not. The silence confirms that the obstruction is personal, not procedural.

## B. Probable, Imminent, and Irreparable Harm

62. The loss of a constitutional right, even for a brief period, constitutes irreparable harm as a matter of law. Elrod v. Burns, 427 U.S. 347, 373 (1976); see also Deerfield Medical Center v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981) (constitutional deprivation in TRO context is per se irreparable). The irreparable harm here is not hypothetical; it is concrete, multi-dimensional, and time-certain.

63. First, Matthew Ryan Fuentes -- a minor with documented disabilities -- has been excluded from participation in a public event on public State infrastructure by an act of discriminatory government action. That exclusion, on these facts, is a constitutional harm. No monetary award after the fact restores his participation as Grand Marshal of a canceled event.

64. Second, registered para-cyclists have committed to participation and made nonrefundable travel arrangements. Their exclusion from the May 17 event cannot be remedied by a post-event damages award. The event is not replaceable; the date is fixed.

65. Third, the event date itself -- May 17, 2026 -- is immovable. The USA Cycling permit (#15301) [Exhibit C], the TxDOT Pharr District engineering approval [Exhibit B], the $2,000,000 liability insurance certificate [Exhibit A], and the 21-unit law enforcement commitment are each time-bound. These are not assets that can be rescheduled or transferred. If the TRO is not issued, each of these coordinated governmental and institutional approvals -- which individually would take weeks to months to secure -- expires worthless on May 18, 2026.

66. Fourth, the harm to X-Pedition Scholars Inc. as a Texas 501(c)(3) is organizational and reputational, not merely economic. The event constitutes the organization's primary public program. A last-minute cancellation caused by discriminatory government action inflicts reputational damage -- to sponsor relationships, to participant trust, and to the organization's ability to conduct future programming -- that no post-hoc damages award can measure or repair.

67. Money damages do not remedy any of the foregoing harms. The constitutional exclusion of a disabled minor, the cancellation of a permitted public race, the expiration of coordinated governmental approvals, and the reputational destruction of a 501(c)(3) nonprofit are not reducible to a damages calculation with any fidelity. The standard for irreparable harm is satisfied fully and independently on each of

these four grounds.

## C. No Adequate Remedy at Law

68. Money damages cannot restore the May 17, 2026 event, cannot remediate the civil rights violation, and cannot repair the reputational and programmatic harm to X-Pedition Scholars Inc. No administrative appeal process exists. No statutory mechanism can compel a permit decision within the time available. The August 2, 2026 Summer Part Deux application likewise faces total administrative non-responsiveness -- no acknowledgment, no criteria, no pathway. Injunctive relief is the only adequate remedy.

## D. Balance of Equities

69. The balance of equities is not close. Plaintiffs lose everything if the TRO is denied -- a May 17 event that cannot be rescheduled, constitutional rights that are violated on a fixed date, and the organizational infrastructure of a nonprofit that has invested its programmatic capacity in this event. Defendants lose nothing cognizable if the TRO is granted.

70. The City of Port Isabel cannot identify a legitimate interest that is harmed by permitting this event to proceed. The safety record is not in dispute -- it cannot be, given that eight events on the identical route have been permitted in the preceding 18 months without reported incident. Plaintiffs have submitted a 21-unit law enforcement detail (10 officers dedicated to event management and 11 localized municipal support units), producing a security ratio of approximately one officer per 19 riders -- nearly four times the proportional coverage of the February 21, 2026 Double Cross 10K, which ran with 1,143 finishers on the same route two days after Hockema's written moratorium. [Exhibits A, B, G-1]. The City has not identified a single safety deficiency in Plaintiffs' submission.

71. What the Defendants actually lose if this TRO issues is only the ability to continue enforcing a moratorium that the City itself has waived eight consecutive times in favor of favored applicants. That is not a cognizable governmental interest. The loss of an unlawful enforcement posture is not an equity that weighs against injunctive relief. Defendants' side of the scale is empty.

## E. Public Interest

72. The public interest weighs heavily in favor of issuing the TRO, for four independent reasons.

73. First, the public has a direct interest in the equal enforcement of constitutional rights on public State highways. The Queen Isabella Causeway is State Highway 100 -- a public artery maintained with public funds and administered under public authority. A city manager's email cannot constitutionally function as a private veto over who may use public infrastructure for permitted events. The TRO enforces the foundational principle that public roads are public.

74. Second, the public has a cognizable interest in the vindication of ADA Title II protections for disabled athletes on public infrastructure. The Americans with Disabilities Act was enacted precisely to prohibit the exclusion of qualified disabled individuals from public programs and services. The record here -- an unacknowledged written accommodation request, a decision-maker who stated on the record that the City issued zero response to a formal ADA accommodation request, and the exclusion of a disabled minor from participation as Grand Marshal -- presents a textbook ADA Title II violation. Issuing the TRO vindicates that statutory mandate.

75. Third, the public has an interest in the integrity of municipal permitting processes. The combination of a named-organization fee waiver in § 104.13(D), a 24-month grandfather clause in § 104.05, and an informal animus-driven moratorium communicated via email creates an unconstitutional closed-class permitting regime. If this Court does not act, this structure will continue to operate unchecked, insulating a permanent in-group of favored event organizers from the competitive operation of neutral permitting criteria. A TRO here prevents the further entrenchment of that regime.

76. Fourth, the public interest is served by the clear message that constitutional rights cannot be informally vetoed by executive email. The February 19 denial was not a formal resolution of the City Council. It was not a rulemaking. It was a city manager's directive communicated by a secretary. Constitutional rights -- including equal protection, due process under Tex. Const. Art. I, § 19, and the prohibition on monopolistic privilege under Art. I, § 26 -- do not yield to that instrument. Issuing the TRO enforces that principle at minimal cost to the City and at maximum benefit to the constitutional order this Court is charged to protect.

Fuentes et al. v. City of Port Isabel & Hockema                    CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

## F. Bond

77. Texas Rule of Civil Procedure 684 requires the Court to set bond in an amount adequate to compensate Defendants for any wrongful restraint. Where the potential harm to Defendants from an erroneous TRO is de minimis, a nominal bond satisfies the Rule. Plaintiffs respectfully request that the Court set bond in the nominal amount of $100.00. The grounds for a nominal bond are compelling. First, Plaintiffs have already secured a $2,000,000 commercial general liability insurance policy [Exhibit A], which protects the City against any event-related loss or claim. Second, the City faces no cognizable financial exposure from the issuance of a TRO that merely requires it to process a permit application on the same terms it has applied eight consecutive times to comparator events. Third, Defendants have not identified any concrete damage they would suffer from the issuance of this Order. A $100.00 nominal bond is adequate, appropriate, and consistent with Texas practice in civil rights permit disputes where the movant presents the degree of probability of success demonstrated here. See Tex. R. Civ. P. 684.

## VII. REQUEST FOR WRIT OF MANDAMUS

77. Plaintiffs incorporate by reference all preceding paragraphs.

78. Pursuant to Texas Government Code Section 22.221, Plaintiffs request a Writ of Mandamus directing Defendants to fulfill their clear legal duty to: (1) process and issue the special event permit for X-Pedition to Padre on May 17, 2026; and (2) place both the May 17 and August 2, 2026 (Summer Part Deux) permit applications on the next available City Council agenda for formal action.

## A. Clear Legal Duty

79. The City has a clear legal duty to process special event permit applications according to objective, non-discriminatory criteria, arising from: (a) the Equal Protection Clause and Art. I, §3 (equal treatment of similarly situated applicants); (b) the Due Process Clause and Art. I, §19 (lawful process for permit decisions); (c) ADA Title II (reasonable modifications for disability accommodation); and (d) the City's own established practice -- Resolution 08-22-2025-01 -- of approving cycling events on SH 100 when objective safety criteria are met. This duty applies equally to the August 2 application, which falls entirely

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 28                    April 20, 2026

outside the blackout period and faces no policy barrier whatsoever.

## B. No Adequate Remedy at Law

80. Money damages cannot substitute for holding the event on May 17, 2026. No administrative appeal is available. No statutory mechanism can compel a permit decision within the 26 days remaining. As to the August event, no administrative pathway exists to force the City to place the application on its agenda or respond at all. Mandamus is the only remedy providing meaningful relief for either event.

## C. Ministerial Act

81. Once Plaintiffs have satisfied all objective public safety criteria -- $2,000,000 insurance, a total security detail of 21 units comprising 10 dedicated officers remaining with the event and 11 localized municipal support units, TxDOT engineering approval -- permit issuance becomes a ministerial act. The City retains no legitimate discretion to deny a permit that satisfies all objective criteria while simultaneously approving an identical event for a different organization. As to the August application: no policy barrier applies, no moratorium applies, no grandfather clause applies. Processing that application is purely ministerial. Because § 104.13(D) and § 104.05 are unconstitutional as applied, the City's duty to process the Plaintiff's permit under neutral safety and insurance criteria is MINISTERIAL and non-discretionary.

## D. Specific Duty: August 2 Insurance and Permitting Pathway

82. Plaintiff's Summer Part Deux application specifically and expressly requested that Defendants provide the precise insurance specifications, planning requirements, and permitting criteria applicable to the August 2, 2026 event -- so that Plaintiff could procure compliant coverage and finalize all conditions. This is not a discretionary ask; it is a request for ministerial administrative action that the City is legally obligated to provide to any applicant under a due-process-compliant permit system. The City has a clear, non-discretionary duty to respond to a direct compliance inquiry on an allowable date. Its failure to do so is an independent constitutional violation and provides an independent basis for mandamus relief.

83. Accordingly, Plaintiffs request a Writ of Mandamus directing Defendants to, within five (5) business days: (a) provide Plaintiff in writing with the specific insurance minimum, format, and endorsement

requirements for the August 2, 2026 event; (b) provide the specific law enforcement coordination requirements; (c) identify any additional permitting conditions; and (d) confirm in writing that no other policy barrier exists to a permit for the August 2, 2026 event on State Highway 100.

## VIII. REQUEST FOR EXPEDITED DISCOVERY

84. Plaintiffs request that this Court authorize expedited discovery, to be completed within ten (10) days of the entry of the TRO, including:

(a) All emails, texts, memoranda, and communications -- including those of Susie Alcocer, Jared Hockema, and the Mayor -- relating to: X-Pedition to Padre (May 17, 2026), Summer Part Deux (August 2, 2026), X-Pedition Scholars Inc., Nicolas Fuentes, or any permit application submitted by Plaintiffs from 2024 to present;

(b) All documents relating to Resolution 08-22-2025-01 and the Ride for Rotary permit, including safety evaluations, insurance reviews, and internal communications;

(c) All documents, applications, approvals, resolutions, communications, and permit records relating to: (a) RAV Run Adventures LLC's Causeway Double Cross 10K events (January 2025 and February 21, 2026); (b) the Port Isabel Chamber of Commerce's Annual Causeway Run & Walk (April 2025 and April 2026); and (c) all City of Port Isabel communications with or about RAV Run Adventures LLC, Robert McBee, Lori Weishar, and/or Stacy Jayde from 2022 to present;

(d) All records, communications, calendar entries, and documents relating to City Manager Jared Hockema's attendance at, participation in, or presence at the February 21, 2026 Causeway Double Cross 10K event on the Queen Isabella Causeway, including any communications with the City of South Padre Island regarding that event;

(e) The complete text of the 2024 special event permit policy, all versions, amendments, and internal guidance;

(f) All documents relating to Plaintiffs' ADA accommodation request;

(g) All special event permit applications received by the City from January 1, 2022 to present, and all approvals, denials, and related

Fuentes et al. v. City of Port Isabel & Hockema                    CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

communications, including the criteria and decision-maker for each.

85. Plaintiffs further serve formal notice that this litigation requires the City of Port Isabel and all of its employees, officers, and agents to immediately preserve all documents, emails, text messages, and electronic records responsive to the above. Destruction of any such records after receipt of this filing may constitute spoliation of evidence.

## SUMMARY FOR THE COURT

The City of Port Isabel denied Plaintiffs' permit for a USA Cycling-sanctioned bicycle race on State Highway 100 -- a public road -- while simultaneously permitting eight events on the identical route during the same restricted window, including a 1,143-runner for-profit race that crossed the same lane closure exactly 48 hours after the City Manager's written moratorium was delivered to Plaintiffs. [Exhibit D, Exhibit G-1]. Four of those eight approvals were formal City Commission resolutions -- all presented by the same City Manager who denied Plaintiffs. Sergio Zarate, a member of the Down by the Border nonprofit and a third party with no stake in this litigation, confirmed the nature of this obstruction directly to Plaintiff: "If it was you, I would approve it." Plaintiffs are a 501(c)(3) nonprofit, a disabled minor competing as Grand Marshal, and registered para-cyclists -- denied access to a public road while a for-profit competitor with no published safety credentials ran the same road two days later. Plaintiffs bring $2,000,000 in insurance [Exhibit A], TxDOT Pharr District engineering approval [Exhibit B], USA Cycling sanction #15301 [Exhibit C], and 21 law enforcement units yielding nearly four times the safety coverage of the permitted February 21 event. The City has identified zero safety deficiency in Plaintiffs' application. The municipal code waives all permit fees for the Chamber of Commerce by name [§ 104.13(D)] while charging new applicants up to $1,100. The City has not responded to Plaintiffs' written ADA accommodation request. Defendants face no cognizable harm from this Order -- only the loss of an unlawful enforcement posture. Plaintiffs face the permanent loss of a constitutional right, an immovable event date, and the exclusion of a disabled minor from participation in a public program on public State infrastructure. All four Rule 680 factors are satisfied. Emergency relief is compelled.

Fuentes et al. v. City of Port Isabel & Hockema                    CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Nicolas Fuentes, individually and as Next Friend of Matthew Ryan Fuentes, and X-Pedition Scholars Inc. respectfully pray that this Court:

1. Grant an emergency Temporary Restraining Order and subsequent Temporary Injunction compelling Defendants to immediately process, calendar, and approve Plaintiffs' permit application for the X-Pedition to Padre cycling event scheduled for May 17, 2026, on State Highway 100, Port Isabel, Texas, using objective, non-discriminatory safety and insurance criteria -- the same standard applied to the 42nd Annual Causeway Run & Walk (April 11, 2026) and the SPI Causeway Double Cross 10K (February 21, 2026) -- and to refrain from any further denial, obstruction, or delay of said event;

2. IN THE ALTERNATIVE, if the Court determines that immediate approval of Plaintiffs' specific permit application is not warranted at this stage, Plaintiffs request a stay and freeze on the issuance of any and all special event permits under Port Isabel City Code Chapter 104 -- including but not limited to any permit issued under the blackout period provision of § 104.05(A), the grandfather-clause exemption of § 104.05(B), and the named-beneficiary fee-waiver of § 104.13(D) -- until the constitutionality of those provisions is fully adjudicated by this Court, or until further order of the Court. This alternative relief ensures that no competitor event receives preferential permit treatment during the pendency of this litigation and eliminates any asymmetry of access that would perpetuate the constitutional violation pending final judgment;

3. Set this matter for an expedited Temporary Injunction hearing within the time prescribed by Texas Rule of Civil Procedure 680;

4. Issue a Writ of Mandamus directing Defendants to: (a) process and approve the May 17, 2026 permit application according to objective safety criteria, applying the same standard as Resolution 08-22-2025-01; (b) place both the May 17, 2026 (X-Pedition to Padre) and August 2, 2026 (Summer Part Deux) permit applications on the City Council agenda at the next available regular or special-called meeting for formal consideration and vote; and (c) provide Plaintiff, in writing, within five (5) business days, the

specific insurance requirements, planning conditions, and permitting criteria necessary to finalize the August 2, 2026 permit, so that Plaintiff may bind compliant coverage and proceed through a lawful, transparent administrative process;

5. After trial on the merits, issue a Permanent Injunction and Declaratory Judgment declaring: (a) the City's selective enforcement of § 104.05(A)'s blackout period -- applied against Plaintiff while permitting at least eight comparator events on the same route during the same restricted window -- a violation of the Equal Protection Clause of the Fourteenth Amendment and Article I, § 3 of the Texas Constitution; (b) the named-beneficiary fee waiver in § 104.13(D) an unconstitutional exclusive privilege under Article I, § 26 of the Texas Constitution; (c) the City's closed-loop permit process a violation of procedural Due Process under Article I, § 19 of the Texas Constitution; and (d) Defendants' non-response to the August 2, 2026 application a violation of Plaintiffs' constitutional and statutory rights;

6. Award Plaintiffs actual damages against Defendant Hockema individually for tortious interference with prospective business relations;

7. Award Plaintiffs punitive and exemplary damages against Defendant Hockema individually, pursuant to Texas Civil Practice and Remedies Code § 41.003 and 42 U.S.C. § 1983;

8. Award Plaintiffs their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205 (ADA), and Texas Civil Practice and Remedies Code § 37.009;

9. Order expedited discovery as set forth in Section VIII, including all communications -- internal and external -- relating to both the May 17, 2026 and August 2, 2026 permit applications, and all EDC Board records relating to the sponsorship of comparator events on State Highway 100; and

10. Grant such other and further relief, at law or in equity, including costs and any other relief this Court deems just and proper.

Respectfully submitted,

/s/ Nicolas Fuentes

NICOLAS (NICO) FUENTES
Pro Se Plaintiff -- On behalf of himself and X-Pedition Scholars Inc.
Email: nfuentes1981@gmail.com
3552 Oviedo Dr, Brownsville, Texas 78520
(956) 639-0591

Dated: April 20, 2026

CERTIFICATE OF SERVICE: I certify that on April 20, 2026, a true and correct copy of this Plaintiff's Original Petition was served on Defendants via private process server: City of Port Isabel -- City Secretary, City Hall, Port Isabel, Texas 78578; and Jared Hockema -- City Hall, Port Isabel, Texas 78578.

/s/ Nicolas Fuentes

2026-DCL-02228



Filed __8:10__ o'clock __A__ m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

STATE OF TEXAS
IN THE DISTRICT COURT OF CAMERON COUNTY
EMERGENCY CIVIL FILING

# NICOLAS (NICO) FUENTES, Individually & as Next Friend of Matthew Ryan Fuentes; X-PEDITION SCHOLARS INC.

## v.

# CITY OF PORT ISABEL, TEXAS & JARED HOCKEMA, City Manager

| | |
|---|---|
| **Court:** | District Court of Cameron County, Texas -- _____ Judicial District |
| **Cause No.:** | _____ |
| **Plaintiffs:** | Nicolas (Nico) Fuentes, Individually & as Next Friend of Matthew Ryan Fuentes (Minor with Disability); X-Pedition Scholars Inc. (Pro Se) |
| **Defendant 1:** | City of Port Isabel, Texas |
| **Defendant 2:** | Jared Hockema, City Manager (Individual & Official Capacity) |
| **Event at Issue:** | X-Pedition to Padre Cycling Race -- May 17, 2026 |
| **Route:** | State Highway 100, Port Isabel, Texas |
| **Comparators:** | 8 events permitted on same route during blackout window (2024-26) -- 4 formal City resolutions -- Plaintiffs denied |
| **Filed:** | April 20, 2026 |
| **Days to Event:** | ~26 DAYS -- EMERGENCY RELIEF REQUIRED |

Fuentes et al. v. City of Port Isabel & Hockema                CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

FULL COMPLIANCE DEMONSTRATED:
[+] $2,000,000 Liability Insurance Policy (Exhibit A)
[+] Security Detail: 21 Units -- 10 Dedicated Officers + 11 Localized Municipal Support Units
[+] TxDOT Pharr District Engineering Approval (Exhibit B)
[+] USA Cycling Official Race Sanction (Exhibit C)
[+] City's own Resolution 08-22-2025-01 proves identical event (Ride for Rotary) approved same blackout period (Exhibit E)
[+] 8 events permitted on same route during blackout window (2024-26) -- 4 formal resolutions, all presented by Hockema
[+] City permitted 1,143-runner Double Cross 10K on same route Feb 21, 2026 -- 48 hours after issuing written moratorium to Plaintiffs

CAUSES OF ACTION:
Count I -- Equal Protection (14th Amend. / Tex. Const. Art. I §3) -- Six Comparator Events + Hockema Animus
Count II -- Procedural Due Process (14th Amend. / Tex. Const. Art. I §19) -- 9-Month Denial + August Non-Response
Count III -- ADA Title II (42 U.S.C. §12132) -- Para-Cyclists & Plaintiff's Son
Count IV -- Tex. Const. Art. I §26 -- Unconstitutional Monopoly / 24-Month Grandfather Clause
Count V -- 42 U.S.C. §1983 -- Hockema Individual Liability / Bad Faith / No Qualified Immunity
Count VI -- Tortious Interference with Prospective Business Relations (Texas Common Law)

## EMERGENCY -- EVENT DATE: MAY 17, 2026 (~26 DAYS FROM FILING) -- TRO REQUIRED WITHIN 48 HOURS

## TABLE OF CONTENTS

Document 1 -- Plaintiff's Original Petition (All Six Counts) Pages 3–22
   I. -- Discovery Control Plan
   II. -- Parties
   III. -- Jurisdiction and Venue

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 2                April 20, 2026

Fuentes et al. v. City of Port Isabel & Hockema          CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

IV. -- Statement of Facts

V. -- Causes of Action (Counts I–VI)

VI. -- Application for TRO and Temporary Injunction

VII. -- Request for Writ of Mandamus

VIII. -- Request for Expedited Discovery

IX. -- Prayer for Relief

Document 2 -- Verification of Nicolas Fuentes (for Notary)

Document 3 -- [Proposed] Order Granting TRO (for Judge's Signature)

Document 4 -- Emergency Cover Letter to District Clerk

Exhibit A -- [Attach] Certificate of Insurance -- $2,000,000 Policy

Exhibit B -- [Attach] TxDOT Pharr District Engineering Approval -- TxDOT Pharr District

Exhibit C -- [Attach] USA Cycling Race Sanctioning Document

Exhibit D -- [Attach] Email from Susie Alcocer -- City's Only Written Response

Exhibit E -- [Attach] Resolution 08-22-2025-01 -- Ride for Rotary Approval

Exhibit F -- [Attach] Summer Part Deux Application -- August 2, 2026 (submitted April 17, 2026)

This filing is submitted Pro Se. Plaintiff requests the Court's liberal construction of all pleadings pursuant to applicable Texas and federal standards.

---

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 3          April 20, 2026

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: 2026-DCL-02228  **COURT** *(FOR CLERK USE ONLY)*: 404th

**STYLED** Nicolas Fuentes, et al. v. City of Port Isabel, Texas and Jared Hockema

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | |
|---|---|
| **Name:** Nicolas (Nico) Fuentes | **Email:** nfuentes1981@gmail.com |
| **Address:** 3552 Oviedo Dr | **Telephone:** (956) 639-0591 |
| **City/State/Zip:** Brownsville, Texas 78520 | **Fax:** N/A |
| **Signature:** | **State Bar No:** N/A (Pro Se) |

**Names of parties in case:**

**Plaintiff(s)/Petitioner(s):**
Nicolas (Nico) Fuentes
Matthew Ryan Fuentes (by Next Friend)

**Defendant(s)/Respondent(s):**
City of Port Isabel, Texas
Jared Hockema, City Manager

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
☐ Attorney for Plaintiff/Petitioner
☒ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

**Additional Parties in Child Support Case:**

Custodial Parent: _____

Non-Custodial Parent: _____

Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:
*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:
☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other: _____

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☒ Tortious Interference
☒ Other: ADA TITLE

### Family Law

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

Filed 8:10 o'clock A m
LAURA PEREZ-REYES - DISTRICT CLERK
APR 20 2026
DISTRICT COURT OF CAMERON COUNTY, TEXAS
BY _____ DEPUTY

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☒ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☒ Mandamus
☐ Post-judgment
☒ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☒ Temporary Restraining Order/Injunction
☐ Turnover

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

## VERIFICATION OF NICOLAS FUENTES

NO. ___ 2026-DCL-02228 _____

| | | |
|---|---|---|
| NICOLAS (NICO) FUENTES, Individually and as Next Friend of MATTHEW RYAN FUENTES, a Minor with a Disability; and X-PEDITION SCHOLARS INC., a Texas 501(c)(3) Corporation, | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br>Filed _____ o'clock ___ m<br>LAURA PEREZ-REYES - DISTRICT CLERK<br><br>APR 2 0 2026<br><br>DISTRICT COURT OF<br>CAMERON COUNTY, TEXAS<br>BY_____ DEPUTY |
| Plaintiffs, | §<br>§ | CAMERON COUNTY, TEXAS |
| v. | §<br>§ | |
| CITY OF PORT ISABEL, TEXAS; and JARED HOCKEMA, Individually and in His Official Capacity as City Manager, | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | 404th JUDICIAL DISTRICT |

## VERIFICATION

THE STATE OF TEXAS §

§

COUNTY OF CAMERON §

BEFORE ME, the undersigned notary public, on this day personally appeared Nicolas (Nico) Fuentes, who, being by me duly sworn, on his oath deposed and stated:

Fuentes et al. v. City of Port Isabel & Hockema          CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

"My name is Nicolas (Nico) Fuentes. I am over eighteen (18) years of age, of sound mind, capable of making this verification, and personally acquainted with the facts stated in the foregoing Plaintiff's Original Petition.

I am a Plaintiff in the above-captioned action, appearing individually and as Next Friend of Matthew Ryan Fuentes, a minor with a documented disability. I am also the founder and director of X-Pedition Scholars Inc. I have read the foregoing Plaintiff's Original Petition. The facts stated in said Petition are within my personal knowledge and are true and correct. I have personal knowledge of Matthew Ryan Fuentes's disabilities, his role as Director and Grand Marshal of X-Pedition to Padre, and the harm the City's obstruction causes him directly.

I declare under penalty of perjury that the foregoing is true and correct."

_____

NICOLAS (NICO) FUENTES

Affiant

NOTARY BLOCK

SUBSCRIBED AND SWORN TO BEFORE ME on this _19TH_ day of _APRIL_____, 2026,
to certify which witness my hand and official seal.

_____
NOTARY PUBLIC, State of Texas
Printed Name: _MARGARITA ELIZABETH HUERTA_____
My Commission Expires: ___07-30-2028_____

[NOTARY SEAL]



MARGARITA ELIZABETH HUERTA
Notary Public, State of Texas
Comm. Expires 07-30-2028
Notary ID 135016596

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 36          April 20, 2026

Received
Clerk of District Court

APR 2 0 2026

Cameron County
Brownsville, Texas

NO. 2026-DCL-02228

| | | |
|---|---|---|
| NICOLAS (NICO) FUENTES, Individually and as Next Friend of MATTHEW RYAN FUENTES, a Minor with a Disability; and X-PEDITION SCHOLARS INC., a Texas 501(c)(3) Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PORT ISABEL, TEXAS; and JARED HOCKEMA, in His Individual and Official Capacity as City Manager, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br><br><br><br><br> CAMERON COUNTY, TEXAS <br><br> CAUSE NO. 2026-DCL-02228 <br><br> [PROPOSED] ORDER GRANTING PLAINTIFFS' APPLICATION FOR TRO <br><br> 40th JUDICIAL DISTRICT |

On this _____ day of _____, 2026, came on to be considered Plaintiffs' Emergency Application for Temporary Restraining Order filed in the above-captioned cause. The Court, having reviewed Plaintiffs' Original Petition, the Application for Temporary Restraining Order, the Verification of Nicolas Fuentes, and the attached exhibits, and being fully advised in the premises, makes the following:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REQUIRED BY TEX. R. CIV. P. 680 & 683

1. Probable Right to Relief. Plaintiffs have shown a probable right to relief on their Equal Protection claim (U.S. Const. Amend. XIV; Tex. Const. Art. I, § 3) -- a city official denied Plaintiffs' permit on February 19, 2026, then permitted a directly competing event on the identical route 48 hours later, without any intervening policy change, safety determination, or resolution; on their ADA Title II claim (42 U.S.C. § 12132) -- the City failed entirely to respond to a written accommodation request submitted on behalf of a minor

with a documented disability, and the public right-of-way at issue is a 'service, program, or activity' covered by Title II under Frame v. City of Arlington, 657 F.3d 215, 225 (5th Cir. 2011) (en banc); and on their Texas Constitution Art. I, § 26 claim -- Port Isabel Code § 104.13(D) grants a fee monopoly to a named private organization with no path for equivalence by any other applicant. The Court further finds that Plaintiffs have demonstrated a likelihood of success on their ADA Title II claim because the City failed to respond to a written accommodation request submitted on behalf of a qualified individual with a disability. ADA Title II affords no qualified immunity defense; its violation constitutes irreparable harm as a matter of law;

2. Probable, Imminent, and Irreparable Injury. Plaintiffs face certain, time-bound, and non-compensable harm: (a) the permanent, unrecoverable loss of the May 17, 2026 event -- 27 days from filing -- together with the expiration of a USA Cycling permit (#15301), TxDOT Pharr District engineering approval, and $2,000,000 insurance certificate, each of which is time-bound and non-transferable; (b) the exclusion of Matthew Ryan Fuentes, a minor with a documented disability serving as Grand Marshal, and additional registered para-cyclists, from a public event on public infrastructure; and (c) the organizational and reputational destruction of X-Pedition Scholars Inc., a Texas 501(c)(3), caused by a discriminatory government act. Money damages cannot remedy any of the foregoing harms. Elrod v. Burns, 427 U.S. 347, 373 (1976);

3. Balance of Equities Favors Plaintiffs. Plaintiffs have provided $2,000,000 in liability insurance, a 21-unit law enforcement detail, and TxDOT engineering approval. Defendants have identified no safety deficiency, no operational burden, and no cognizable governmental interest harmed by this Order. The scale is not close;

4. Public Interest. The public interest is served by restoring equal, non-discriminatory access to public State Highway 100, the Queen Isabella Memorial Causeway, and by vindicating the rights of disabled participants under Title II of the ADA on public infrastructure. A city manager's informal email directive cannot constitutionally function as a veto over public highway access;

5. Restoration of Status Quo. This Order is necessary to restore the last, actual, peaceable, non-contested status quo preceding this controversy -- defined as the historically consistent pattern of permitted cycling and running events on the Queen Isabella Causeway, which Defendant Hockema's February 19, 2026 informal moratorium unilaterally disturbed. This Order does not create a new right; it restores an existing one;

6. No Adequate Remedy at Law. No administrative appeal process exists. No statutory mechanism can compel a permit decision within the time available. Injunctive relief is the only adequate remedy;

7. Ex Parte Notice. Notice to Defendants is not required because the irreparable injury that would result from the delay required to give notice outweighs any inconvenience to Defendants, and immediate relief is necessary to preserve the status quo pending a hearing. Tex. R. Civ. P. 680.

## IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that:

1. Defendants City of Port Isabel, Texas, and Jared Hockema, and all of their officers, agents, employees, servants, and attorneys, and all persons acting in concert with them, are HEREBY TEMPORARILY RESTRAINED AND ENJOINED from: (a) interfering with, obstructing, or prohibiting the use of the Queen Isabella Memorial Causeway (State Highway 100) for the 'X-Pedition to Padre' cycling event scheduled for May 17, 2026, through application of any calendar-based 'blackout' period, grandfather-clause restriction, or informal policy bar that was not equally applied to the 42nd Annual Causeway Run & Walk (April 11, 2026) and the SPI Causeway Double Cross 10K (February 21, 2026); (b) refusing to process or consider Plaintiffs' permit application for the May 17, 2026 X-Pedition to Padre event on any grounds other than objective, written safety and insurance criteria applied uniformly to all permit applicants; and (c) applying the named-beneficiary fee schedule under the Port Isabel Code to Plaintiffs at any rate exceeding the rate applied to the Port Isabel Chamber of Commerce and its affiliated events on the same route;

2. Defendants are ORDERED to process Plaintiffs' permit application for the X-Pedition to Padre cycling event on May 17, 2026, on State Highway 100, Port Isabel, Texas, using objective, non-discriminatory safety and insurance criteria, within seventy-two (72) hours of the entry of this Order, on terms no more burdensome than those applied to the 42nd Annual Causeway Run & Walk (April 11, 2026) and the SPI Causeway Double Cross 10K (February 21, 2026);

3. Defendants are FURTHER ORDERED to refrain from imposing any conditions, requirements, or fees on the X-Pedition to Padre permit that were not also imposed on the Port Isabel Chamber of Commerce's Annual Causeway Run & Walk events or the RAV Run Adventures LLC Causeway Double Cross 10K events on the same route;

4. Defendants are FURTHER ORDERED, pursuant to the Writ of Mandamus requested herein, to place both of the following permit applications on the agenda of the next available regular or special-called meeting of the City Council of the City of Port Isabel, Texas:

(a) X-Pedition to Padre Cycling Race -- May 17, 2026 (Application submitted July 29, 2025);
(b) Summer Part Deux Cycling Event -- August 2, 2026 (Application submitted April 17, 2026);

Defendants shall provide written notice to Plaintiff of the date, time, and agenda item number for each application within 48 hours of scheduling;

5. Defendants are FURTHER ORDERED, pursuant to the Writ of Mandamus and Plaintiffs' due process rights, to provide Plaintiff Nicolas Fuentes with a written statement, within five (5) business days of this Order, specifying: (a) the minimum insurance coverage amount and requirements for Summer Part Deux (August 2, 2026); (b) all law enforcement coordination requirements; (c) any additional permitting conditions; and (d) written confirmation that, upon satisfaction of those conditions, no other policy barrier exists;

6. This Temporary Restraining Order shall remain in force for fourteen (14) days from the date of its entry, or until further order of this Court;

7. A hearing on Plaintiffs' Application for Temporary Injunction is hereby SET for:

Date: _____, 2026
Time: _____ .M.
Courtroom: _____
Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas 78520;

8. Defendants shall file any written response no later than: _____, 2026;

9. Pursuant to Texas Rule of Civil Procedure 684, the bond to be posted by Plaintiffs is hereby set at $100.00 (One Hundred Dollars and No Cents), which Plaintiffs are prepared to post immediately upon entry of this Order. The Court finds this amount adequate because: (a) Plaintiffs have already secured a $2,000,000 commercial general liability insurance policy [Exhibit A] protecting the City and all third parties against any event-related loss or claim; and (b) Defendants face no cognizable financial exposure from the issuance of this Order, having identified no specific damage they would suffer from the processing of a permit application.

**IT IS SO ORDERED.**

SIGNED this _____ day of _____, 2026, at _____ .M.

_____
PRESIDING JUDGE
_____ JUDICIAL DISTRICT COURT
CAMERON COUNTY, TEXAS

Filed 8:10 o'clock ___ m
LAURA PEREZ-REYES - DISTRICT CLERK

IN THE DISTRICT COURT OF CAMERON COUNTY, TEXAS APR 2 0 2026
404ᵗʰ JUDICIAL DISTRICT

DISTRICT COURT OF
CAMERON COUNTY TEXAS
BY _____ DEPUTY

| | |
|---|---|
| NICOLAS (NICO) FUENTES, Individually and as Next Friend of Matthew Ryan Fuentes, a Minor with a Disability; X-PEDITION SCHOLARS INC., a Texas 501(c)(3); Plaintiffs, v. CITY OF PORT ISABEL, TEXAS; and JARED HOCKEMA, City Manager of the City of Port Isabel, individually and in his official capacity; Defendants. | Case No. _____ AFFIDAVIT OF NICOLAS FUENTES IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER |

## AFFIDAVIT OF NICOLAS FUENTES

STATE OF TEXAS          §
COUNTY OF CAMERON    §

I, Nicolas (Nico) Fuentes, being duly sworn, hereby state under penalty of perjury under the laws of the State of Texas as follows:

1. I am the Plaintiff in the above-captioned action. I am the founder and Director of X-Pedition Scholars Inc., a Texas 501(c)(3) nonprofit corporation dedicated to promoting cycling, outdoor education, and inclusion for athletes with disabilities. I am also the natural guardian and Next Friend of Matthew Ryan Fuentes, a minor with a documented disability and a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2). I make this affidavit on personal knowledge.

2. X-Pedition to Padre is a competitive cycling event sanctioned by USA Cycling (Permit No. 15301), scheduled for May 17, 2026, on State Highway 100, including a crossing of the Queen Isabella Memorial Causeway between Port Isabel and South Padre Island, Texas. The event is specifically designed to be inclusive of athletes with disabilities. Matthew Ryan Fuentes is a registered participant, serves as Grand Marshal of the event, and is a Director of X-Pedition Scholars Inc. At least five registered participants have documented disabilities, including para-cyclists.

Fuentes et al. v. City of Port Isabel & Hockema                    CAUSE NO. _____ | CAMERON CO. DISTRICT COURT

FULL COMPLIANCE DEMONSTRATED:
[+] $2,000,000 Liability Insurance Policy (Exhibit A)
[+] Security Detail: 21 Units -- 10 Dedicated Officers + 11 Localized
Municipal Support Units
[+] TxDOT Pharr District Engineering Approval (Exhibit B)
[+] USA Cycling Official Race Sanction (Exhibit C)
[+] City's own Resolution 08-22-2025-01 proves identical event (Ride
for Rotary) approved same blackout period (Exhibit E)
[+] 8 events permitted on same route during blackout window
(2024-26) -- 4 formal resolutions, all presented by Hockema
[+] City permitted 1,143-runner Double Cross 10K on same route Feb
21, 2026 -- 48 hours after issuing written moratorium to Plaintiffs

CAUSES OF ACTION:
Count I -- Equal Protection (14th Amend. / Tex. Const. Art. I §3) -- Six Comparator
Events + Hockema Animus
Count II -- Procedural Due Process (14th Amend. / Tex. Const. Art. I §19) -- 9-Month
Denial + August Non-Response
Count III -- ADA Title II (42 U.S.C. §12132) -- Para-Cyclists & Plaintiff's Son
Count IV -- Tex. Const. Art. I §26 -- Unconstitutional Monopoly / 24-Month
Grandfather Clause
Count V -- 42 U.S.C. §1983 -- Hockema Individual Liability / Bad Faith / No
Qualified Immunity
Count VI -- Tortious Interference with Prospective Business Relations (Texas
Common Law)

**EMERGENCY -- EVENT DATE: MAY 17, 2026 (~26 DAYS FROM
FILING) -- TRO REQUIRED WITHIN 48 HOURS**

## TABLE OF CONTENTS

Document 1 -- Plaintiff's Original Petition (All Six Counts) Pages 3–22
   I. -- Discovery Control Plan
   II. -- Parties
   III. -- Jurisdiction and Venue

Plaintiff's Original Petition, Motion for TRO, and Application for Writ of Mandamus -- page 2                    April 20, 2026

disability-focused 501(c)(3) with superior safety credentials -- received no resolution, no vote, and no response. Port Isabel Code § 104.13(D) further confirms the structural preference: all permit fees are expressly waived for the Port Isabel Chamber of Commerce by name, while third-party applicants pay up to $1,100.

6. The selective nature of Defendants' conduct is demonstrated by the following documented sequence: on or about February 19, 2026, I received written notice from City Secretary Alcocer that Defendant Hockema had directed the City not to permit causeway closures for recreational events. Forty-eight hours later, on February 21, 2026, the RAV Run Adventures LLC Causeway Double Cross 10K proceeded on the same causeway with 1,143 registered finishers (Webscorer Race No. 422242), official lane closures from 5:30 a.m. to 10:00 a.m. documented in the City of South Padre Island's official Traffic Management Plan (issued February 20, 2026), and police escort.

7. The discriminatory nature of the denial is further corroborated by Sergio Zarate, a member of the Down by the Border nonprofit and a third party with no stake in this litigation. Mr. Zarate recounted to me that Hockema stated directly to him: 'If it was you, I would approve it.' This statement reflects the permitting culture at the City of Port Isabel and confirms that the differential treatment is based on the identity of the applicant—not on any objective safety, policy, or legal basis.

8. I submitted an explicit written ADA Title II accommodation request on behalf of Matthew Ryan Fuentes and all registered participants with disabilities. Defendants have never responded to that request. I repeatedly attempted to contact Defendant Hockema directly but was unable to reach him because he blocks outside emails. I contacted him through City Secretary Alcocer. All requests were denied or ignored.

9. On April 17, 2026, I submitted a second permit application for a separate event -- 'Summer Part Deux' -- scheduled for August 2, 2026, a date that falls entirely outside the City's stated blackout period. I explicitly requested that the City provide its specific insurance requirements, planning conditions, and permitting criteria so that I could comply. As of the date of this affidavit, Defendants have provided no response, no acknowledgment, no criteria, and no timeline. The failure to respond to an application for a date outside their own stated policy confirms that the differential treatment is directed at me as the applicant -- not at any date,

policy, or safety concern.

10. If a permit is not granted immediately, the May 17, 2026 event cannot occur. Matthew Ryan Fuentes and the other registered athletes with disabilities will be permanently excluded from participating in this public event on a public right-of-way. This is a one-time, date-specific event. It cannot be rescheduled without losing its USA Cycling sanction, its registered participants, its committed law enforcement, and its community sponsors. The resulting harm to Matthew Ryan Fuentes and to X-Pedition Scholars Inc. cannot be remedied by money damages after the fact. Irreparable harm is certain and imminent.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct to the best of my knowledge and belief.


Executed on this 20th day of April, 2026, in Brownsville, Texas.

_____
Signature

4-19-2026
_____
Date

**NICOLAS (NICO) FUENTES**

Affiant / Plaintiff Pro Se

3552 Oviedo Dr, Brownsville, Texas 78520

(956) 639-0591 |
nfuentes1981@gmail.com


## NOTARY ACKNOWLEDGMENT

STATE OF TEXAS            §
COUNTY OF CAMERON    §

SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public, on this __19TH__ day of __APRIL_____, 2026, by Nicolas (Nico) Fuentes, who is personally known to me or has produced __TEXAS DL_____ as identification.

_____

Signature of Notary Public

Notary Public, State of Texas

MARGARITA ELIZABETH HUERTA
_____

Printed Name of Notary

07-30-2028
_____

My Commission Expires



MARGARITA ELIZABETH HUERTA
Notary Public, State of Texas
Comm. Expires 07-30-2028
Notary ID 135016596

**EXHIBIT A**

Client#: 3

2026  2026-DCL-02228

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 03/31/2026 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer any rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Fairly Group Certificates |
|---|---|
| Fairly Consulting Group LLC | PHONE (A/C, No, Ext): / FAX (A/C, No): |
| 1800 S Washington St, Ste 400 | E-MAIL ADDRESS: certs@fairlygroup.com |
| Amarillo, TX 79102 | |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| | INSURER A : Clear Blue Insurance Company | 28860 |

| INSURED | INSURER B : |
|---|---|
| USA Cycling, Inc. | INSURER C : |
| 210 USA Cycling Pt, Suite 100 | INSURER D : |
| Colorado Springs, CO 80919-2214 | INSURER E : |
| | INSURER F : |

## COVERAGES    CERTIFICATE NUMBER:    REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | X COMMERCIAL GENERAL LIABILITY | X | | CZ26COGL0002-02 | 12/31/2025 | 12/31/2026 | EACH OCCURRENCE | $ 2,000,000 |
| | CLAIMS-MADE X OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 2,000,000 |
| | X GA applies per event | | | | | | MED EXP (Any one person) | $ Excluded |
| | | | | | | | PERSONAL & ADV INJURY | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ 4,000,000 |
| | POLICY PRO-JECT LOC | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | X OTHER: | | | | | | **Part Legal** | $ 2,000,000 |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | OWNED AUTOS ONLY SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS ONLY NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB OCCUR | | | | | | EACH OCCURRENCE | $ |
| | EXCESS LIAB CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | DED RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y / N | | | | | | PER STATUTE OTH-ER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | N / A | | | | | E.L. EACH ACCIDENT | $ |
| | (Mandatory in NH) | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

Filed 8:10 o'clock A m

LAURA PEREZ-REYES - DISTRICT CLERK

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Named Insured Extension:
Event Organizers and/or Promoters are Named Insureds. It shall be a condition of coverage that all organizers/promoters for whom coverage is afforded under this policy execute a USAC Event Permit Application And coverage will be afforded only For the specific Event And Date(s) On the permit.

(See Attached Descriptions)

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| CITY OF PORT ISABEL 305 E. MAXAN ST PORT ISABEL, TX 78578 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    1 of 2    The ACORD name and logo are registered marks of ACORD
#S7964898/M7063965

**EXHIBIT A**

RPA5P

# EXHIBIT A

## DESCRIPTIONS (Continued from Page 1)

The General Liability policy includes a blanket automatic additional insured endorsement that provides additional insured status to any person or organization if required by a written contract or agreement provided such contract or agreement was executed prior to the occurrence or offense. Please see attached endorsement CG 20 26 (12/2019).

Event Number: 2026-15301
Event Name: X-Pedition to Padre
Event Location: Brownsville,TX
Event Date(s): 05-17-2026
Include Kids Fun Ride

SAGITTA 25.3 (2016/03)    2  of 2
#S7964898/M7063965☐

# EXHIBIT A

EXHIBIT A

POLICY NUMBER:    CZ26COGL0002-02

COMMERCIAL GENERAL LIABILITY
CG20261219

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s): |
|---|
| ANY PERSON OR LEGAL ENTITY IN WHICH YOU HAVE A WRITTEN CONTRACT, AGREEMENT OR PERMIT WHICH REQUIRES THAT YOU NAME THE CONTRACTING PARTY AS AN ADDITIONAL INSURED. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

**A. Section II - Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:

1. In the performance of your ongoing operations; or
2. In connection with your premises owned by or rented to you.

However:

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III - Limits Of Insurance:**

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or
2. Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

CG 20 26 12 19

© Insurance Services Office, Inc.,

Page 1 of 1

EXHIBIT A

Docusign Envelope ID: ED16F636-73E9-4592-A5I    \CA5397F35



Texas
Department
of Transportation

# EXHIBIT B
## Application for Use of Texas Right of Way
## for Temporary Signs for Special Events
Please print or type information

26-10

Form 2057
(Rev. 01/22)
Page 1 of 3

2026 -DCL-02228

Date:  02/19/26

Filed __8:10__ o'clock __A__ m
LAURA PEREZ-REYES - DISTRICT CLERK

To the Texas Department of Transportation (TxDOT)
c/o District Engineer  PEDRO "PETE" ALVAREZ, PHARR DISTRICT _____ , Texas

APR 2 0 2026

**This form must be received at least 7 days prior to proposed use on the right of way.**

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

Applicant _____ X-PEDITION SCHOLARS, INC 501 (c)(3) nonprofit _____ proposes to place a

sign within the right of way of Highway _____ SH100 _____ Location _____ PORT ISABEL

SOUTH PADRE ISLAND _____ in _____ CAMERON _____ County, Texas.

☒ Check here for placement of multiple signs and submit the information requested on the Supplemental Sheet.

The temporary structure/vehicle will be placed _____ 5 - 10 _____ feet from the roadway and will have
the following characteristics:

Mounting Height _____ 3 FEET _____ Thickness _____ 4MM

Sign Dimensions (Height, Width, Length) _____ 24"x24" (or 18"x24")

Sign Material _____ Corrugated Plastic (Coroplast)

Sign Support Dimensions _____ 10"x30"

Sign Support Material _____ Metal H-Sake (wire)

Proposed Text _____ X-PEDITION TO PADRE / CAUTION: CYCLISTS AHEAD

Background Color _____ YELLOW OR WHITE _____ Legend Color _____ BLACK

The right of way will be used **FROM DATE** _____ 05/17/26 _____ **TO DATE** _____ 05/17/26
(maximum of 60 days) and the nature of the event is

The sponsor of the event, if applicable, is _____ X-PEDITION SCHOLARS,INC 501(c)(3) nonprofit

I will avoid or minimize impacts, and will, at my own expense, restore or repair damage resulting from this event.

I will be responsible for any damages or accidents that may occur during the term of this permit and save TxDOT and the State of Texas harmless.

I will abide by all applicable federal, state and local environmental laws, regulations, ordinances, and any conditions or restrictions required by TxDOT to protect natural and cultural resources of the right of way.

If this event causes hazardous traffic conditions to develop, I will cease the activity until corrective measures have been implemented.

It is expressly understood that TxDOT reserves the right to enforce the terms and conditions that it may deem necessary for the protection of the transportation facility and safety of the traveling public.

By signing below, I agree to the conditions/provisions included in this application.  I am authorized to sign on the behalf of the organization holding the event.

X-PEDITION SCHOLARS INC
_____
Applicant
NICOLAS FUENTES
_____
By
FOUNDER/EXECUTIVE DIRECTOR
_____
Title
_____
Signature

3552 OVIEDO DR
_____
Mailing Address

BROWNSVILLE _____ TX _____ 78520
_____
City, _____ State _____ Zip
(956) 639-0591
_____
Area Code _____ Telephone Number

# EXHIBIT B

Docusign Envelope ID: ED16F636-73E9-4592-A5I    CA5397F35



# EXHIBIT B
## Application for Use of Texas Right of Way
## for Temporary Signs for Special Events
Please print or type information

**Form 2057**
**(Rev. 01/22)**
**Page 2 of 3**

Texas
Department
of Transportation

## Approval

X-PEDITIN SCHOLARS, INC
_____
Name of Applicant

| | |
|---|---|
| Control Number | Section |
| SH 100 / HWY 48 | CAMERON |
| Highway Number | County |
| 05/16/2026 | 05/18/26 |
| **Start Date of Agreement** | **Termination Date of Agreement** |

Signs must be constructed of heavy cardboard, plastic, fabric mesh or plywood, no thicker than ¼ inch.

An approved sign must not:
• exceed 16 square feet in placed on the roadside to inform the traveling public;
• exceed four square feet if used to guide participants in a bicycle or pedestrian event;
• extend more than three feet beyond the pavement edge if the sign is a banner; or
• imitate or resemble any official traffic sign, signal, or device.

An approved sign may not be placed:
• in a location where it may prevent the driver of a vehicle from having a clear and unobstructed view of official signs and approaching or merging traffic;
• on any highway appurtenances, including, but not limited to bridges, traffic control devices, official signs, sign supports, and light standards, poles, and delineators;
• on a tree or other natural feature;
• less than 18 ½ feet (clear) above the pavement if the sign is a banner placed over the pavement; or
• closer to the pavement edge than official highway signs, except for those signs used to guide participants in a bicycle or and pedestrian event.

TxDOT reserves the right to remove a sign if it becomes a hazard due to inclement weather, inadequate maintenance, accidental damage, or other hazardous cause. A sign approved for temporary use may not be erected more than 24 hours prior to the event. However, if the sign is a banner it may be installed no more than 30 days prior to the event.

It is understood that a sign must be removed within 24 hours of the completion of the event; except banners shall be removed within seven days of the completion of the event. A special event sign not removed within the allotted time is subject to removal by TxDOT and the applicant is liable for removal and disposal costs.

It is expressly understood that TxDOT does not purport, hereby, to grant any right, claim, title, or easement in or upon this highway. In the event the party fails to comply with any or all of the requirements as set forth herein, the approval may be revoked and TxDOT may take appropriate action.

| | |
|---|---|
| nicolas fuentes | 3552 Oviedo Drive |
| Name | Address |
| PEDRO "PETE" ALVAREZ, P.E. | |
| District Engineer | |
| _Pedro R. Alvarez_ | Brownsville          TX    78520 |
| Signature TxDOT Representative   2/20/2026 | City,          State    Zip |
| | 9566390591 |
| Date of Final Approval | Area Code    Telephone Number |

# EXHIBIT B

Docusign Envelope ID: ED16F636-73E9-4592-A5I    CA5397F35



# EXHIBIT B
## Application for Use of Texas Right of Way
## for Temporary Signs for Special Events
Please print or type information

Form 2057
(Rev. 01/22)
Page 3 of 3

## Supplemental Sheet

Location:  Start Line / Departure Point (Brownsville)

This temporary sign will be placed    10                     feet from the edge of the roadway and will have the following characteristics:

Mounting Height  3 FEET                                                   Thickness   4MM

Sign Dimensions (Height, Width, Length)     24"X24"

Sign Material   COROPLAST (CORRUGATED PLASTIC)

Sign Support Dimensions    10"X30"

Sign Support Material   METAL H-STAKES

Proposed Text  X-PEDITION TO PADRE - CAUTION: CYCLISTS AHEAD


Background Color   YELLOW OR WHITE                           Legend Color   BLACK


Location:  Intersection of Paredes Line Rd (FM 1847) & SH 100

This temporary sign will be placed    10                     feet from the edge of the roadway and will have the following characteristics:

Mounting Height  3 FEET                                                   Thickness   4MM

Sign Dimensions (Height, Width, Length)     24"X24"

Sign Material   COROPLAST (CORRUGATED PLASTIC)

Sign Support Dimensions    10"X30"

Sign Support Material   METAL H-STAKES

Proposed Text  X-PEDITION TO PADRE - CAUTION: CYCLISTS AHEAD


Background Color   YELLO OR WHITE                            Legend Color   BLACK


Location:  SH 100 near the TX-48 intersection (Port Isabel Approach)

This temporary sign will be placed    10                     feet from the edge of the roadway and will have the following characteristics:

Mounting Height  3 feet                                                    Thickness   4MM

Sign Dimensions (Height, Width, Length)     24"X24"

Sign Material   COROPLAST (CORRUGATED PLASTIC)

Sign Support Dimensions    10"X30"

Sign Support Material   METAL H-STAKES

Proposed Text  X-PEDITION TO PADRE - CAUTION: CYCLISTS AHEAD


Background Color   YELLOW OR WHITE                           Legend Color   BLACK


Location:  Entrance to Queen Isabella Causeway (West Side)

This temporary sign will be placed    10                     feet from the edge of the roadway and will have the following characteristics:

Mounting Height  3 FEET                                                   Thickness   4MM

Sign Dimensions (Height, Width, Length)     24"X24"

Sign Material   COROPLAST (CORRUGATED PLASTIC)

Sign Support Dimensions    10"X30"

Sign Support Material   METAL H-STAKES

Proposed Text  X-PEDITION TO PADRE-CAUTION: CYCLISTS AHEAD


Background Color   YELLOW OR WHITE                           Legend Color   BLACK


Location:  Exit of Queen Isabella Causeway (East Side/SPI) and Padre Blvd

This temporary sign will be placed    10                     feet from the edge of the roadway and will have the following characteristics:

Mounting Height  3 FEET                                                   Thickness   4MM

Sign Dimensions (Height, Width, Length)     24"X24"

Sign Material   COROPLAST (CORRUGATED PLASTIC)

Sign Support Dimensions    10"X30"

Sign Support Material   METAL H-STAKES

Proposed Text  X-PEDITION TO PADRE-CAUTION: CYCLISTS AHEAD


Background Color   YELLOW OR WHITE                           Legend Color   BLACK


# EXHIBIT B

Docusign Envelope ID: ED16F636-73E9-4592-A5 _ \CA5397F35

# EXHIBIT B



EXHIBIT B

# EXHIBIT C

**USA CYCLING**

2026-DCL-02228

**X-Pedition to Padre**
**Permit #15301**

Filed 8:10 o'clock A m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

| **Event Types / Sub Disciplines** | **Sponsoring Clubs** | **Event Promoter** |
|---|---|---|
| Fun Ride | N/A | X-Pedition to Padre LLC, and X-Pedition Scholars Inc<br>3552 Oviedo Dr, Brownsville, Texas 78520<br>xpeditionscholars@gmail.com<br>9562032706 |

**USA Cycling Permit Agreement**

1. Event Administration. Organizers shall follow and ensure that the Event complies with all USAC and/or USAC's Local Association rules including USAC's competitive rules, regulations, policies, decisions, and procedures. Organizers shall collect, as trustee on behalf of USAC, all required membership fees, one-day membership fees, release forms, and race results, and shall deliver such items to USAC within the time period set forth in the Permit Application.

2. Representations and Warranties of Organizer. Organizer represents and warrants that (a) Organizer has the full right, power, and authority to enter into this Permit Agreement and to perform its obligations hereunder, (b) the execution of this Permit Agreement by the individual whose signature is set forth at the end of this Permit Agreement has been duly authorized by necessary action on the part of Organizer, (c) the information provided in the Permit Application is true and correct to the best of Organizer's knowledge, (d) Organizer has, or will have by the date of the Event, obtained all licenses, authorizations, approvals, consents, or permits required by applicable laws (including the rules and regulations of all authorities having jurisdiction over public health matters) (collectively "Authorization") to conduct the Event. Revocation of Event Permit. In USAC's sole discretion, USAC may revoke an Event Permit issued to Organizer at any time and for any reason. Furthermore, if any Authorization to conduct the Event is revoked before the Event date, the USAC Event Permit, and all associated insurance, shall be deemed revoked unless such Authorization is reinstated before the date of the Event.

3. Permit Packet. Organizers acknowledge that they have received and read all materials in the Permit Packet.

4. Safety Precautions. Organizers acknowledge that they have received and reviewed USAC's Event and Medical Plan Checklists. It is expressly understood and acknowledged by Organizers that the Event and Medical Plan Checklists are intended to assist Organizers in the orderly administration of the Event and are not intended to guarantee the safety of participants. Organizers acknowledge that safety considerations may or may not require that additional precautions or measures be taken and Organizers agree to take such measures to promote and conduct the safest event possible.

5. Participant Liability Waivers. Organizer shall require that all participants and volunteers sign the USAC Assumption of Risk, Release of Liability, Covenant Not to Sue and Indemnity Agreement ("Waiver"). A valid Waiver is critically important to the Organizers, volunteers, USAC Officials and USAC. Organizers shall maintain all paper Waivers in a secure location for at least ten years.

6. Legal Claims and Event Records. Organizers shall cooperate in good faith with USAC and its agents in the event of any personal injury claims or other legal actions arising out of the Event.

7. No Warranties or Agency. USAC makes no warranties, express or implied, to the Organizers, or other event organizers, sponsors, participants, volunteers, spectators, or any other person or entity related in any way to the Event. Under no circumstances shall the Organizers act as the agent of USAC. There is no intent to create an agency, partnership, or joint venture relationship between USAC and the Organizers of the Event.

8. Drug Testing. Organizers understand that the Event may be selected for drug testing by USAC, USADA or the UCI. Organizers shall cooperate with USADA and/or the UCI and their agents with regard to any and all anti-doping activities.

9. USAC Name, Logo and Trademarks. Organizers shall be permitted to use USAC's trademarks (name and logo), for the limited purpose of advertising and promoting the Event. Any use of USAC's trademarks shall cease immediately after the Event.

10. Permit Transfer. Organizers do not have the right to transfer the Event permit to any other person or entity.

11. Sales and Use Tax. Organizers agree to collect and remit all sales and/or use taxes arising from taxable transactions, including but not limited to taxable transactions processed through the USAC online event registration program.

12. Indemnification. Organizers agree to defend, to hold harmless and to indemnify USAC and its agents, officials and Local Associations against any and all losses, costs, claims, legal fees and liabilities which are connected with or arise directly or indirectly out of (a) the preparation for or conduct of the Event or (b) breach of this any provision of this agreement.

13. Refunds. By signing this form, Organizers agree that Organizers are responsible for all rider surcharges and event fees due to USAC and that no refunds will be issued.

Electronic Signature By:

Date Signed:

NICOLAS FUENTES

01/08/2026

Document Created: 01/08/2026

# EXHIBIT C

# EXHIBIT D

 **Gmail**

Fuentes Fam <nfuentes1981@gmail.com>

2026-DCL-02228

## X-Pedition to Padre

11 messages

---

**Susie Alcocer** <salcocer@copitx.com>
To: "nfuentes1981@gmail.com" <nfuentes1981@gmail.com>

Thu, Feb 19, 2026 at 3:00 PM

Good afternoon Mr. Fuentes,

City Manager Jared Hockema informed that we passed an Item on July 3, 2024 not to allow closures of the Queen Isabella Causeway for recreational events.

Susie Alcocer

City of Port Isabel

305 Maxan

Port Isabel, TX 78578

956-943-2682

Filed 8:10 o'clock A m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 20 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY_____ DEPUTY

---

**Fuentes Fam** <nfuentes1981@gmail.com>
To: Susie Alcocer <salcocer@copitx.com>, jhockema@copitx.com

Thu, Feb 19, 2026 at 5:08 PM

Greetings,

I am writing on behalf of X-Pedition Scholars Inc. regarding the denial of our permit request for a managed crossing of the Queen Isabella Causeway. While we respect the City's 2024 policy regarding "recreational events," we believe our application has been denied in error due to an inconsistent application of that policy.

1. Proof of Precedent (Resolution No. 08-22-2025-01)

The City's response states that a policy passed on July 3, 2024, prohibits causeway closures for recreational events. However, on August 26, 2025, the City Commission formally approved Resolution No. 08-22-2025-01, which authorized the temporary closure of HWY 100 and the Causeway for the "2025 Ride for Rotary" held on October 5, 2025.

Because the City granted this exception in late 2025—well after the 2024 policy was enacted—it is clear that the City maintains the discretion to approve such events when they serve a significant community or charitable purpose.

2. Equal Protection & "Class of One"

As a 501(c)(3) nonprofit dedicated to scholarship promotion and youth development, X-Pedition Scholars Inc. is a similarly situated entity to the Rotary Club. Under the Equal Protection Clause of the Fourteenth Amendment, the City cannot arbitrarily deny one organization's request while approving another for an identical use of the infrastructure. As noted in Village of Willowbrook v. Olech, 528 U.S. 562 (2000), such differential treatment without a rational basis creates significant legal liability for the municipality under 42 U.S.C. § 1983.

## EXHIBIT D

3. Formal Requests

# EXHIBIT D

To avoid unnecessary conflict and resolve this amicably, we respectfully request:

• Immediate Reconsideration: We ask that our application be evaluated using the same criteria and discretion applied to Resolution No. 08-22-2025-01.

• Meeting with Staff: An opportunity to discuss our safety plan, which mirrors the successful, low-impact 15-minute window used by the Rotary Club.

• Public Information Request: Pursuant to the Texas Public Information Act, we request all records, meeting minutes, and communications related to the approval of Resolution No. 08-22-2025-01 and the denial of our current permit.

We are eager to work with the City of Port Isabel to provide scholarships for our local youth. We look forward to your prompt response and a fair resolution.

Respectfully,

Nicolas Fuentes Founder, X-Pedition Scholars Inc.

501(c)(3) Nonprofit Organization

[Quoted text hidden]

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>    Thu, Feb 19, 2026 at 5:08 PM
To: nfuentes1981@gmail.com



# Address not found

Your message wasn't delivered to **jhockema@copitx.com** because the address couldn't be found, or is unable to receive mail.

## LEARN MORE
⚠ *This link will take you to a third-party site*

The response from the remote server was:

```
550 5.4.1 Recipient address rejected: Access denied. For more information see
https://aka.ms/EXOSmtpErrors [BL02EPF0001B418.namprd09.prod.outlook.com 2026-02-19T23:08:50.628Z
08DE6B9A378BF95A]
```

Final-Recipient: rfc822; jhockema@copitx.com
Action: failed
Status: 5.4.1
Remote-MTA: dns; copitx-com.mail.protection.outlook.com. (2a01:111:f403:f900::1,
the server for the domain copitx.com.)
Diagnostic-Code: smtp; 550 5.4.1 Recipient address rejected: Access denied. For more information see

# EXHIBIT D

https://aka.ms/EXOSmtpErrors [BL02EPF0001B4... 08DE6B9A378BF95A]
Last-Attempt-Date: Thu, 19 Feb 2026 15:08:50 -0800 (PST)

**EXHIBIT D**

📄 **noname**
 5K

---

**Fuentes Fam** <nfuentes1981@gmail.com>                              Thu, Feb 19, 2026 at 5:20 PM
To: Susie Alcocer <salcocer@copitx.com>

Greetings Mr. Hockema and City Leadership,

I am writing to briefly supplement my previous correspondence regarding the permit application for X-Pedition Scholars Inc. While my previous email focused on the legal precedents set by Resolution No. 08-22-2025-01, I want to ensure the City is fully aware of the specific population our nonprofit serves. A primary mission of our "X-Pedition to Padre" event is to support and provide scholarships for children with disabilities, with a specific emphasis on adaptive cycling.

This event is designed to be a milestone achievement for youth who utilize hand-cycles, trikes, and other adaptive equipment. For these children, the Queen Isabella Causeway is not just a road; it is a symbolic barrier that we aim to help them cross safely and legally.

Given that the City has previously accommodated able-bodied groups (such as the Ride for Rotary), we are confident that the City of Port Isabel shares our commitment to the Americans with Disabilities Act (ADA) and the principle of inclusive community access. Denying these children the same 15-minute managed crossing afforded to others would be a significant missed opportunity for the City to demonstrate its support for the disabled community.

We are ready to provide a specific safety plan tailored to the needs of our adaptive athletes to ensure a swift and safe crossing.

Thank you for considering this vital additional context.

Respectfully,

Nicolas Fuentes Founder, X-Pedition Scholars Inc.


[Quoted text hidden]

---

**Fuentes Fam** <nfuentes1981@gmail.com>                              Thu, Feb 19, 2026 at 5:21 PM
To: Norman.Esquivel@co.cameron.tx.us

[Quoted text hidden]

---

**Fuentes Fam** <nfuentes1981@gmail.com>                              Mon, Feb 23, 2026 at 4:02 PM
To: Victoria.Garza@txdot.gov

Good afternoon,

As previously discussed, the City of Port Isabel denied my application or the opportunity to present my application in front of the city commission. Per your guidance I attached the application and supporting document for your review.

I respectfully request consideration as we support youth with disabilities of the local area. Please note that this denial was done wrongfully so as another event was approved and occurred in October 2025.
Thank you for your time and support.

Respectfully,
Nicolas Fuentes
X-Pedition Scholars Inc 501(c)(3) nonprofit for youth with disabilities.


**EXHIBIT D**

4/19/26, 8:36 PM                                                          Gmail - X-Pedition to Padre

————— Forwarded message —————

# EXHIBIT D

From: **Fuentes Fam** <nfuentes1981@gmail.com>
Date: Thu, Feb 19, 2026 at 5:20 PM
Subject: Re: X-Pedition to Padre
To: Susie Alcocer <salcocer@copitx.com>

[Quoted text hidden]

---

**8 attachments**



IMG_3973.jpeg
199K

IMG_3977.jpeg
631K

IMG_3976.jpeg
1052K

IMG_3974.jpeg
970K

# EXHIBIT D

# EXHIBIT D



**IMG_3975.jpeg**
1389K

**port isabel view.pdf**
465K

**X-PEDITION TO PADRE - MapMyRide.pdf**
595K

**SAFETY PLAN.docx**
5838K

---

**Victoria Garza** <Victoria.Garza@txdot.gov>            Mon, Feb 23, 2026 at 4:25 PM
To: Fuentes Fam <nfuentes1981@gmail.com>

Received.

I will get with our directors and get back to you on this matter as soon as I can.

Please don't hesitate to contact me if you have questions.

With sincere appreciation,

**Victoria Garza, MBA, C.T.C.M**

Contract Specialist/District Permit Coordinator

Texas Department of Transportation

Pharr District 21

Office: (956) 702-6135 / Mobile: (956) 502-7046

Victoria.garza@txdot.gov



**From:** Fuentes Fam <nfuentes1981@gmail.com>
**Sent:** Monday, February 23, 2026 4:03 PM

# EXHIBIT D

Gmail - X-Pedition to Padre

**To:** Victoria Garza <Victoria.Garza@txdot.gov> **EXHIBIT D**
**Subject:** Fwd: X-Pedition to Padre

---

This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

[Quoted text hidden]



Every mile matters. Learn more at DriveLikeATexan.com.

---

**Fuentes Fam** <nfuentes1981@gmail.com>                          Mon, Feb 23, 2026 at 5:16 PM
To: Victoria Garza <Victoria.Garza@txdot.gov>

Thank you.
[Quoted text hidden]

---

**Fuentes Fam** <nfuentes1981@gmail.com>                          Fri, Apr 10, 2026 at 11:04 AM
To: Mpagan@myrgv.com

[Quoted text hidden]

---

**Fuentes Fam** <nfuentes1981@gmail.com>                          Fri, Apr 10, 2026 at 11:04 AM
To: Mpagan@myrgv.com

---------- Forwarded message ---------
From: **Fuentes Fam** <nfuentes1981@gmail.com>
Date: Mon, Feb 23, 2026 at 4:02 PM
Subject: Fwd: X-Pedition to Padre
To: <Victoria.Garza@txdot.gov>
[Quoted text hidden]

---

**8 attachments**

**IMG_3973.jpeg**
199K

**EXHIBIT D**

Gmail - X-Pedition to Padre

# EXHIBIT D

IMG_3977.jpeg
631K

IMG_3976.jpeg
1052K

IMG_3974.jpeg
970K

IMG_3975.jpeg
1389K

port isabel view.pdf
465K

X-PEDITION TO PADRE - MapMyRide.pdf
595K

SAFETY PLAN.docx
5838K

Fuentes Fam <nfuentes1981@gmail.com>                     Fri, Apr 10, 2026 at 11:04 AM
To: Mpagan@myrgv.com

Never received a response to this email.

# EXHIBIT D

Gmail - X-Pedition to Padre

---------- Forwarded message ---------
From: **Fuentes Fam** <nfuentes1981@gmail.com> EXHIBIT D
Date: Thu, Feb 19, 2026 at 5:20 PM
Subject: Re: X-Pedition to Padre
To: Susie Alcocer <salcocer@copitx.com>


[Quoted text hidden]

EXHIBIT D

# EXHIBIT E

**THE STATE OF TEXAS** §
**COUNTY OF CAMERON** §

**CITY OF PORT ISABEL** §

City of
**Port
Isabel**
TEXAS

2026-DCL-02228

Filed 8:10 o'clock A m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY_____ DEPUTY

Sandra Holland, CITY COMMISSIONER PLACE 1
Martin C. Cantu, CITY COMMISSIONER PLACE 3

Michelle Ann Barreiro, CITY COMMISSIONER PLACE 2
Jeffery David Martinez, CITY COMMISSIONER PLACE 4

Martin Cantu Jr., MAYOR

## NOTICE OF A SPECIAL MEETING
## OF THE CITY OF PORT ISABEL CITY COMMISSION
### NOTICE IS HEREBY GIVEN

Pursuant to Chapter 551, Title 5 of the Texas Government Code, the Texas Open Meetings Act, notice is hereby given that the City Commission of the City of Port Isabel, Texas in accordance with Article II, Section 2.08 of the Charter of said City, will convene a Special Meeting at the City Commission Chambers Meeting Room, located at 305 E. Maxan on August 26, 2025 at 5:30 pm for the purposes of discussing the following items:

**NOTE:** The City Commission of the City of Port Isabel reserves the right to discuss any items in Executive Session whenever authorized under the Texas Open Meetings Act, Chapter 551, and Title 5 of the Texas Government Code.

Please also note, pursuant to Section 551.127, members of the city commission or city staff may participate by remote means. Audio of the meeting will be available to the public in person at the City Commission Chambers Meeting Room, located at 305 E. Maxan, and public comments will be received at this location and audible to any member of the city commission or city staff participating remotely. Public comments may also be e-mailed to salcocer@copitx.com.

The City of Port Isabel does not discriminate on the basis of disability in the admission of, access to, treatment of, or employment in its programs, activities, or public meetings. Any individual with a disability in need of an accommodation is encouraged to contact the Office of the City Secretary at 956-943-2682 at least 24 hours prior to the scheduled meeting to make proper arrangements.

### ORDER OF BUSINESS

I.    **CALL TO ORDER/ROLL CALL**

II.   **INVOCATION**

III.  **PLEDGE OF ALLEGIANCE**

IV.   **PUBLIC COMMENT/OPEN FORUM:** <u>PLEASE NOTE:</u>

- Any person with business before the Commission, **not** scheduled on the Agenda as a **Public hearing** may speak to the commission.
- <u>Public Comment Forms</u> are located on the table at the entrance of the City Chambers Meeting Room. [For further information, contact the Office of the City Secretary]
- <u>Public Comment Forms</u> must be filled out and presented to the City Secretary no later than fifteen (15) minutes prior to scheduled start of the meeting, to be considered and recognized.
- The speaker must state his/her full name before speaking.
- There is a three (3) minute time limit per speaker.

# EXHIBIT E

1

# EXHIBIT E

- Public Comment Forms are not accepted after 15 minutes prior to the posted meeting time.
- PowerPoint Presentations are not conducted during the public comment period.

## V.    CONSENT AGENDA ITEMS

1. All Consent Agenda items listed are considered to be routine by the City Commission and will be approved by one motion.  There will be no separate discussion of these items unless a City Commissioner so requests, in which event the item will be removed from the Consent Agenda and considered in its normal sequence on the agenda.

    a.    Consideration and approval of budget amendments and/or salary schedules
    b.    Minutes
          Special Meeting August 12,2025

## VI.    REGULAR REPORTS

- Update reports from Department Heads
  **[Administration, EDC Revolving Loan, EMS, Fire, Public Works, Museum, PI Event & Cultural Center, Library and Police]**

## VII.    WORKSHOP

- **FYE 2026 Budget and 2025 Tax Rate**

## VIII.    NEW BUSINESS

1. Discussion and potential action to approve the bills. **[City Manager Jared Hockema]**

2. Discussion and potential action to approve Resolution No. 08-22-2025-01:  A Resolution by the City Commission of the City of Port Isabel, Texas approving the temporary closure of HWY 100 and the Causeway for the "2025 Ride for Rotary" on October 05, 2025.
   **[City Manager Jared Hockema]**

3. Discussion and potential action to advertise a proposed tax rate. **[City Manager Jared Hockema]**

4. Discussion and potential action to approve a lease agreement with Anchor Up LLC for the lease of city-owned property adjacent to Bridge Street. **[City Manager Jared Hockema]**

5. Discussion and potential action to approve the purchase of playground equipment from Exerplay, Inc. utilizing the Texas BuyBoard Contract #679-22. **[Assistant to the City Manager John Sandoval]**

6. Discussion and potential action to approve change order #1 for TDA project CDV23-0157 (Maxan St).
   **[City Manager Jared Hockema]**

## XI.    ADJOURNMENT

## CERTIFICATION

# EXHIBIT E

2

# EXHIBIT E

I certify that the above notice of a Special Meeting of the City of Port Isabel is true and correct; and that I posted such notice on the bulletin board. A place convenient and readily accessible to the public on the 22nd day of August 2025 at 5:30 p.m., in accordance with the Texas Open Meetings Act (Tex. Gov't. Code §551-041 - §551.050).

_Susie Alcoce_

Susie Alcoce
CITY SECRETARY
CITY OF PORT ISABEL, TEXAS


## CERTIFICATION OF REMOVAL

I certify that the agenda of items to be considered by the City Commission was removed by the City Secretary's Office from the Port Isabel City Hall bulletin area on the _____ day of _____, 2025.

_____
OFFICE OF THE CITY SECRETARY

M EET

# EXHIBIT E

4/19/26, 8:42 PM                    X-PEDITIO    , IOLARS, INC Mail - Official Submission: SUMMER P    EUX – USA Cycling Sanctioned TT

# EXHIBIT F



NICOLAS FUENTES <nico@x-peditionscholarsinc.org>

2026-DCL-02228

## Official Submission: SUMMER PART DEUX – USA Cycling Sanctioned TT

1 message

NICOLAS FUENTES <nico@x-peditionscholarsinc.org>                    Fri, Apr 17, 2026 at 2:44 PM
To: salcocer@copitx.com, dhuffman@myspi.org, Victoria.Garza@txdot.gov

Greetings,

I am writing to formally submit a proposal for **X-PEDITION TO PADRE - SUMMER PART DEUX**, a follow-up sanctioned athletic Timed Trial. We believe this event presents a unique opportunity for the City to further its support for local athletes and the community through a professional, high-caliber sporting event.

To ensure total compliance with the City's regulatory framework and safety requirements, note that this event is scheduled outside of your restricted window unless other restrictions apply. If so, please advise so we know how to proceed.

**We request that this item be placed on the agenda immediately to allow us to move forward with all necessary INSURANCE, PLANNING, and PERMITTING. Port Isabel is officially the slowest at the approval process so it benefits everyone to address this hurdle 4 months in advance. Again,** based on our review, the proposed permit dates should fall outside of your "blacked out" dates; however, if there are any conflicts or issues, please advise how we can best proceed.

**Attached for your immediate review and filing:**

- **Application for Use of Public Right of Way (Updated)**

- **USA Cycling Sanctioned Event Safety Plan (STOP)**

- **Technical Event Overviews (Gravel & Road Course Data)**

- **Route Maps & Staging Area:**

    ○ ROAD ROUTE

    ○ GRAVEL ROUTE

- **Logo Ad Printout (PENDING)**

We look forward to coordinating with the three entities (PI, SPI, and TxDOT) to expedite approvals and organize the Rolling Escort to ensure athlete safety. I have CC'd South Padre Island authorities, Sheriff Treviño, and Constable Esquivel to begin this process.

Respectfully,

Nicolas Fuentes

Lead Director - X-Pedition Scholars, Inc. 501(c)(3) nonprofit

Sanctioned Race Director under the USA Cycling National Governing Body

(956) 639-0591

Filed 8:10 o'clock A m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

---

**7 attachments**

ROAD-EVENT-OVERVIEW-AUGUST-2-2026.docx
43K

GRAVEL-EVENT-OVERVIEW-AUGUST-2-2026.docx
44K

# EXHIBIT F

# EXHIBIT F

**SAFETY-PLAN-and-TRAFFIC-PLAN-AUGUST-2-2026.docx**
62K

**Port Isabel Application for Use of Rights of Way 08 02 2026.pdf**
220K

**X-PEDITION TO PADRE - GRAVEL ROUTE - MapMyRide.pdf**
888K

**X-PEDITION TO PADRE - MapMyRide.pdf**
869K

**SAFETY-PLAN-and-TRAFFIC-PLAN-AUGUST-2-2026-REVISED.docx**
25K

# EXHIBIT F

# EXHIBIT F



NICOLAS FUENTES <nico@x-peditionscholarsinc.org>

## Official Submission: SUMMER PART DEUX – USA Cycling Sanctioned TT
1 message

NICOLAS FUENTES <nico@x-peditionscholarsinc.org>                    Fri, Apr 17, 2026 at 2:44 PM
To: salcocer@copitx.com, dhuffman@myspi.org, Victoria.Garza@txdot.gov

Greetings,

I am writing to formally submit a proposal for **X-PEDITION TO PADRE - SUMMER PART DEUX**, a follow-up sanctioned athletic Timed Trial. We believe this event presents a unique opportunity for the City to further its support for local athletes and the community through a professional, high-caliber sporting event.

To ensure total compliance with the City's regulatory framework and safety requirements, note that this event is scheduled outside of your restricted window unless other restrictions apply. If so, please advise so we know how to proceed.

**We request that this item be placed on the agenda immediately to allow us to move forward with all necessary INSURANCE, PLANNING, and PERMITTING. Port Isabel is officially the slowest at the approval process so it benefits everyone to address this hurdle 4 months in advance.** Again, based on our review, the proposed permit dates should fall outside of your "blacked out" dates; however, if there are any conflicts or issues, please advise how we can best proceed.

**Attached for your immediate review and filing:**

- **Application for Use of Public Right of Way (Updated)**

- **USA Cycling Sanctioned Event Safety Plan (STOP)**

- **Technical Event Overviews (Gravel & Road Course Data)**

- **Route Maps & Staging Area:**

    - ROAD ROUTE

    - GRAVEL ROUTE

- **Logo Ad Printout (PENDING)**

We look forward to coordinating with the three entities (PI, SPI, and TxDOT) to expedite approvals and organize the Rolling Escort to ensure athlete safety. I have CC'd South Padre Island authorities, Sheriff Treviño, and Constable Esquivel to begin this process.

Respectfully,

Nicolas Fuentes

Lead Director - X-Pedition Scholars, Inc. 501(c)(3) nonprofit

Sanctioned Race Director under the USA Cycling National Governing Body

(956) 639-0591

---

**7 attachments**

📄 **ROAD-EVENT-OVERVIEW-AUGUST-2-2026.docx**
43K

📄 **GRAVEL-EVENT-OVERVIEW-AUGUST-2-2026.docx**
44K

# EXHIBIT F

2026-DCL-02228

# EXHIBIT G — THE HYPOCRISY FILE

Fuentes & X-Pedition Scholars Inc. v. City of Port Isabel & Hockema | Cameron County District Court | Filed April 20, 2026

FILED ___ 15:10 ___ o'clock ___ m
LAURA PEREZ-REYES - DISTRICT CLERK

The City's defense rests on a policy it claims exists. The following four items are verifiable historical facts — documented city records, official race results, and public ordinance text -- that prove the policy is selectively ignored.

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY, TEXAS

_____ DEPUTY

## ITEM 1 — THE 48-HOUR SMOKING GUN

| Date, Time | Actor | Action | Source |
|---|---|---|---|
| Feb 19, 2026 ~3:00 PM | Susie Alcocer (City Secretary) | Email states: City Manager Hockema directed that the City will "not allow closures of the Queen Isabella Causeway for recreational events." | Email — obtain via PIA request / discovery (Exhibit D) |
| Feb 20, 2026 | City of South Padre Island | Issues official Traffic Management Plan for causeway closure 5:30 AM–10:00 AM Feb 21. Quotes SPI Police Chief Claudine O'Carroll. | myspi.org Traffic Mgmt Plan (attached) |
| Feb 21, 2026 5:30 AM | SPI Police / Port Isabel side | Causeway lanes CLOSED. Runners proceed to Port Isabel side. | Official traffic plan; Facebook/Instagram photos confirmed |
| Feb 21, 2026 7:10 AM | RAV Run Adventures (Stacy Jayde) | 1,143 runners cross the Queen Isabella Causeway. Official results recorded 7:31 PM. | Webscorer Race #422242 https://www.webscorer.com/ race?raceid=422242 |

The Convicting Fact: City Manager claimed in writing that a policy prohibited bridge closures on Thursday. On Saturday, 1,143 runners crossed the same bridge with police escort and official lane closures. This is a chronological impossibility, not an opinion.

---

## ITEM 2 — THE CURRENT REALITY (9 Days Before This Filing)

Event: 42nd Annual Causeway Run & Walk
Date: Saturday, April 11, 2026 -- 9 days before this filing
Location: Queen Isabella Causeway (SH 100) -- right eastbound lane, 6:00 AM to 11:00 AM
Organizer: Port Isabel Chamber of Commerce
Traffic Plan Published: April 9, 2026 -- portisabelsouthpadre.com
Active.com Registration: active.com/port-isabel-tx/running/distance-running-races/42nd-annual-causeway-run-and-walk-2026
Photos: Chamber Instagram (instagram.com/p/DXAMGuyjyly/) and Facebook (April 11-12, 2026)

CONVICTING FACT:

This event occurred during the exact blackout window the City claims is off-limits (Labor Day through Memorial Day per § 104.05). The City permitted this event. The City denied Plaintiffs. Same window. Same road. Different applicant.

---

## ITEM 3 — THE LEGISLATIVE RECORD (City Council Voted to Approve Competitor)

Resolution No. 08-22-2025-01
Meeting: Port Isabel City Commission Special Meeting, August 26, 2025
Presented by: City Manager Jared Hockema
Exact text: "A Resolution...approving the temporary closure of HWY 100 and the Causeway for the '2025 Ride for Rotary' on October 05, 2025."
Vote: UNANIMOUS 5-0 (all commissioners, motion by Cantu, second by Martinez)
Agenda:
myportisabel.com/AgendaCenter/ViewFile/Agenda/_08262025-502
Minutes:
myportisabel.com/AgendaCenter/ViewFile/Minutes/_08262025-502
Route: Brownsville Event Center -- Queen Isabella Causeway (SH 100) -- Louie's Backyard, SPI

CONVICTING FACT:

Hockema personally presented a resolution to close HWY 100 for a cycling event in October -- the heart of the blackout period. The City Commission approved it unanimously. There is no safety argument that makes a Rotary bicycle safe and an X-Pedition bicycle dangerous. The only difference is the applicant.

---

## ITEM 4 — THE CONTROL TEST (August 2 Proves Animus, Not Policy)

Application submitted: April 17, 2026, 2:44 PM
Event date: August 2, 2026 -- outside the blackout window
Ordinance § 104.05(A): Blackout runs Labor Day through Memorial Day
August status: No blackout. No moratorium. No grandfather clause applies.
City response: NONE. No acknowledgment. No guidance. No denial. Silence.
Request included: Explicit ask for insurance requirements and permitting pathway

CONVICTING FACT:

By refusing to respond to an application for a date that falls outside their own stated policy, the City has proven the blackout window is a pretext. Every policy justification disappears in August. Only one thing remains constant: the applicant. The obstruction is personal.

FOR THE JUDGE -- ORAL SUMMARY: "Your Honor, the City's defense is built on a policy they claim exists. I am presenting four verifiable historical facts that prove the policy is selectively ignored. On Feb 19, they told me no events were allowed; on Feb 21, they closed the bridge for 1,143 runners. Nine days ago, they closed it again. Their own City Council voted unanimously to approve a competitor cycling event on the same road during the same window. And when I applied for a date entirely outside their policy, they did not even respond. This is not my opinion -- these are the City's own public records. I am asking this Court to stop the arbitrary and discriminatory exclusion of my son today."

Exhibit C - Page 2 - Fuentes, et al. v. City of Port Isabel & Hockema

# EXHIBIT G (CONTINUED) — STRUCTURAL CONFLICTS & FULL EVENT RECORD

Fuentes & X-Pedition Scholars Inc. v. City of Port Isabel & Hockema | Cameron County District Court | Filed April 20, 2026

## ITEM 5 — THREE CODIFIED STRUCTURAL CONFLICTS (From the Ordinance Itself)

| Conflict | Source | What It Proves |
|---|---|---|
| § 104.13(D): ALL permit fees waived for Port Isabel Chamber of Commerce. Third-party applicants pay up to $1,100. Plaintiffs pay $1,100. The Chamber pays $0. | Port Isabel Code of Ordinances § 104.13(D) Ord. 698 (2018) | The Chamber's name is written into the ordinance for preferential treatment. This is a codified monopoly, not informal favoritism. |
| § 104.03: City Commission has 'sole discretion' to approve or deny. No objective criteria specified. No appeal mechanism identified. | Port Isabel Code of Ordinances § 104.03 | Unlimited discretion with no standards = constitutional due process violation. The gate can be opened or closed for any reason. |
| Hockema is BOTH City Manager (controls permit approvals per § 104.04) AND EDC Director (Sept 24, 2024 agenda: EDC voted to sponsor 'Port Isabel Chamber of Commerce three (3) events'). | City Council Agenda Sept 24, 2024 myportisabel.com | The person who denied Plaintiff's permit is the same person who used public EDC funds to sponsor Plaintiff's competitor's events. |

## ITEM 6 — COMPLETE RECORD: ALL BLACKOUT-WINDOW EVENTS (2024–2026)

Every event listed below occurred on State Highway 100 / Queen Isabella Causeway during the City's stated Labor Day-to-Memorial Day blackout period. All were permitted. Plaintiffs were denied.

| Event | Date | Organizer | Type | City Action | Source |
|---|---|---|---|---|---|
| Ride for Rotary Causeway Cross | Oct 6, 2024 | Rotary Club of Historic Brownsville | Cycling | PERMITTED | Active.com; Resolution 08-22-2025-01 |
| 9th Annual Summer Causeway Run | Sep 14, 2024 | Port Isabel Chamber of Commerce | Run/Walk | PERMITTED | Chamber website; portisabelchamber.com |
| SPI Causeway Double Cross 10K (2nd Annual) | Feb 22, 2025 | RAV Run Adventures LLC | Run | PERMITTED | RAV Run Adventures FB; EnjoySPI.com |
| 41st Annual Causeway Run & Walk | Apr 12, 2025 | Port Isabel Chamber of Commerce | Run/Walk | PERMITTED | Chamber website; Active.com |
| 10th Annual Summer Causeway Run | Sep 13, 2025 | Port Isabel Chamber of Commerce | Run/Walk | PERMITTED | Chamber website; portisabelchamber.com |
| Ride for Rotary Causeway Cross | Oct 5, 2025 | Rotary Club of Historic Brownsville | Cycling | PERMITTED | Resolution 08-22-2025-01 (5-0 vote, Hockema presented) |
| SPI Causeway Double Cross 10K (3rd Annual) | Feb 21, 2026 | RAV Run Adventures LLC (for-profit) | Run | PERMITTED | Webscorer #422242 (1,143 finishers) SPI Traffic Plan; myspi.org |
| 42nd Annual Causeway Run & Walk | Apr 11, 2026 | Port Isabel Chamber of Commerce | Run/Walk | PERMITTED | portisabelsouthpadre.com Traffic plan Apr 9, 2026 |
| X-Pedition to Padre (disability nonprofit cycling race) | May 17, 2026 | X-Pedition Scholars Inc. (501(c)(3)) | Cycling (USA Cycling) | DENIED (9 months, no response) | Plaintiff records; $2M insurance in place; 21 LEOs committed |

**KEY STATUTORY REFERENCE:** Port Isabel Code § 104.05(A) (Ord. 698, 2018): "No event on SH 100 shall be permitted to be held between Labor Day and Memorial Day, nor during the month of March, nor in the week preceding Easter, nor on Easter Day." -- Source: codelibrary.amlegal.com/codes/portisabel/latest/portisabel_tx/0-0-0-8432

**NOTE:** The ordinance does NOT contain the phrase 'recreational events' -- Hockema's Feb 19 email characterization of the ban as applying to 'recreational events' is his own addition to the statutory text.



# OFFICE OF THE DISTRICT CLERK
# Laura Perez-Reyes

974 East Harrison Street • Brownsville, TX 78520
(956) 544-0838 • (956) 544-0841 Facsimile



Filed **8:10** o'clock **A** m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 2 0 2026



DISTRICT COURT OF
CAMERON COUNTY, TEXAS
BY _____ DEPUTY

# COVER LETTER REQUEST

DATE: 04/20/2026

CAUSE NUMBER: 2026-DCL-02228

STYLE OF THE CASE:

Nicolas (Nico) Fuentes    vs    City of Port Isabel, Texas and Jared Hockema

## ENCLOSED FOR FILING, PLEASE FIND THE FOLLOWING:

- ☑ Plaintiff's Original Petition
- ☐ Defendant's Original Answer
- ☐ Our Firm Check in the Amount of
- ☐ Motion
- ☑ Order   Plaintiffs' Emergency Application for Temporary Restraining Order
- ☐ Judgment
- ☐ Jury Fee Request and Deposit
- ☑ Other   Table of Content, Civil Case Information Sheet, Verification, Affidavit of Nicolas Fuentes, Exhibit A - G

- ☐ Plaintiff's _____ Amended Petition
- ☐ Defendant's _____ Amended Answer

## PLEASE INDICATE YOUR REQUEST BELOW:

- ☐ Request for Issuance of Writ of Withholding to Employer         $15.00   Paid By: _____
- ☐ Prepare an Abstract of Judgment         $8.00   Paid By: _____
- ☐ Prepare a Writ of Execution         $8.00   Paid By: _____
- ☐ Prepare an Order of Sale         $8.00   Paid By: _____

- ☐ Prepare Citation and return for Out of County Service
- ☐ Prepare Citation and have Defendant(s) served by the Sheriff's Office
- ☐ Prepare Citation by Certified Mail, Return Receipt Requested
- ☐ Prepare Citation and have Defendant(s) served by Civil Process Server: _____
- ☐ Prepare Citation and return by email to: _____
- ☐ File among the papers in the above styled and numbered cause
- ☑ Other:   Request service through Constable Precinct 1

City of Port Isabel
305 E. Maxan St. Port Isabel, TX 78578

Signature: _____

☐ Attorney   ☑ Party in the Case   ☐ Other

Print Name:   Fuentes, Nicolas
956 639 0591
nico@x-peditionscholarsinc.org

Jennifer Roh

Received By:   Deputy District Clerk
Check# _____   Cash _____

Credit Card: $787.⁰⁰

LAST UPDATED ON: 11/14/2019

Jared Hockema
305 E. Maxan St. Port Isabel, TX 78578

NO. _____2026-DCL - 02228_____ Received

District Court

APR 2 0 2026

Cameron County

Brownsville, Texas

| | | |
|---|---|---|
| NICOLAS (NICO) FUENTES, | § | IN THE DISTRICT COURT OF |
| Individually and as Next Friend of | § | |
| MATTHEW RYAN FUENTES, a Minor | § | CAMERON COUNTY, TEXAS |
| with a Disability; and | § | |
| X-PEDITION SCHOLARS INC., | § | CAUSE NO. 2026-DCL-02228 |
| a Texas 501(c)(3) Corporation, | § | [PROPOSED] ORDER GRANTING |
| Plaintiffs, | § | PLAINTIFFS' APPLICATION |
| v. | § | FOR TEMPORARY RESTRAINING |
| CITY OF PORT ISABEL, TEXAS; and | § | ORDER |
| JARED HOCKEMA, in His Individual and | § | |
| Official Capacity as City Manager, | § | 404th JUDICIAL DISTRICT |
| Defendants. | § | |

On this _____ day of _____, 2026, came on to be considered Plaintiffs' Emergency Application for Temporary Restraining Order. The Court, having reviewed the Application, Petition, Verification, and attached Exhibits, and being of the opinion that good cause exists for emergency relief, hereby GRANTS the Application.

**IT IS THEREFORE ORDERED:**

1. Defendants City of Port Isabel, Texas, and Jared Hockema, their officers, agents, and employees, are HEREBY TEMPORARILY RESTRAINED AND ENJOINED from refusing to process or consider Plaintiffs' permit application for the X-Pedition to Padre cycling event scheduled for May 17, 2026 on State Highway 100, Port Isabel, Texas, on any basis not uniformly applied to all similarly situated permit applicants on the same route.

2. Defendants are ORDERED to process Plaintiffs' permit application within seventy-two (72) hours of the entry of this Order using objective, non-discriminatory safety and insurance criteria.

3. This Temporary Restraining Order shall remain in force for fourteen (14) days from the date of its entry, or until further order of this Court.

4. A hearing on Plaintiffs' Application for Temporary Injunction is hereby SET for:

Date: _____, 2026

Time: _____ .M.

Courtroom: _____

Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas 78520

5. Defendants shall file any written response no later than _____, 2026.

6. Bond is hereby set at $ _____ (_____ Dollars), to be posted by Plaintiffs upon entry of this Order.

**IT IS SO ORDERED.**

SIGNED this _____ day of _____, 2026, at _____ .M.

_____
PRESIDING JUDGE
_____ JUDICIAL DISTRICT COURT
CAMERON COUNTY, TEXAS

**EXHIBIT H**



NICOLAS FUENTES <nico@x-peditionscholarsinc.org>

2026-DCL-02228

## Official Submission: SUMMER PART DEUX – USA Cycling Sanctioned TT

3 messages

---

NICOLAS FUENTES <nico@x-peditionscholarsinc.org>                                    Fri, Apr 17, 2026 at 2:44 PM
To: salcocer@copitx.com, dhuffman@myspi.org, Victoria.Garza@txdot.gov

Greetings,

I am writing to formally submit a proposal for **X-PEDITION TO PADRE - SUMMER PART DEUX**, a follow-up sanctioned athletic Timed Trial. We believe this event presents a unique opportunity for the City to further its support for local athletes and the community through a professional, high-caliber sporting event.

To ensure total compliance with the City's regulatory framework and safety requirements, note that this event is scheduled outside of your restricted window unless other restrictions apply. If so, please advise so we know how to proceed.

**We request that this item be placed on the agenda immediately to allow us to move forward with all necessary INSURANCE, PLANNING, and PERMITTING. Port Isabel is officially the slowest at the approval process so it benefits everyone to address this hurdle 4 months in advance.** Again, based on our review, the proposed permit dates should fall outside of your "blacked out" dates; however, if there are any conflicts or issues, please advise how we can best proceed.

**Attached for your immediate review and filing:**

- **Application for Use of Public Right of Way (Updated)**

- **USA Cycling Sanctioned Event Safety Plan (STOP)**

- **Technical Event Overviews (Gravel & Road Course Data)**

- **Route Maps & Staging Area:**

    o ROAD ROUTE

    o GRAVEL ROUTE

- **Logo Ad Printout (PENDING)**

We look forward to coordinating with the three entities (PI, SPI, and TxDOT) to expedite approvals and organize the Rolling Escort to ensure athlete safety. I have CC'd South Padre Island authorities, Sheriff Treviño, and Constable Esquivel to begin this process.

Respectfully,

Nicolas Fuentes

Lead Director - X-Pedition Scholars, Inc. 501(c)(3) nonprofit

Sanctioned Race Director under the USA Cycling National Governing Body

(956) 639-0591

Filed 1:05 o'clock P m
LAURA PEREZ-REYES - DISTRICT CLERK

APR 2 0 2026

DISTRICT COURT OF
CAMERON COUNTY TEXAS
BY_____DEPUTY

---

**7 attachments**

ROAD-EVENT-OVERVIEW-AUGUST-2-2026.docx
43K

GRAVEL-EVENT-OVERVIEW-AUGUST-2-2026.docx
44K

**EXHIBIT H**

**EXHIBIT H**

SAFETY-PLAN-and-TRAFFIC-PLAN-AUGUST-2-2026.docx
62K

Port Isabel Application for Use of Rights of Way 08 02 2026.pdf
220K

X-PEDITION TO PADRE - GRAVEL ROUTE - MapMyRide.pdf
888K

X-PEDITION TO PADRE - MapMyRide.pdf
869K

SAFETY-PLAN-and-TRAFFIC-PLAN-AUGUST-2-2026-REVISED.docx
25K

---

**Debbie Huffman** <dhuffman@myspi.org>                    Mon, Apr 20, 2026 at 8:27 AM
To: NICOLAS FUENTES <nico@x-peditionscholarsinc.org>
Cc: salcocer@copitx.com, Victoria.Garza@txdot.gov, Randy Smith <RSmith@myspi.org>, Patrick McNulty
<pmcnulty@myspi.org>, Claudine O'Carroll <cocarroll@myspi.org>, Gilbert Silva <gsilva@myspi.org>

Nicolas,

To proceed with placing your request on the South Padre City Council's agenda, we require a few updated items:

1. A new or updated Special Event Permit application (see the attached form and checklist).
2. The resolution from the City of Port Isabel.
3. A signed South Padre Island Police traffic plan.

Let me know if you have any questions.

Thanks,

Debbie

[Quoted text hidden]
--

# Debbie Huffman | Parks and Recreation Manager

City of South Padre Island
4601 Padre Blvd. South Padre Island, Texas 78597
Office: 956-761-8168 | Fax: 956-761-3898 | cell 817-925-4068
E-mail: dhuffman@MySPI.org www.MySPI.org
How did I do? Please take our Customer Service Survey by clicking here.

Facebook
Twitter
YouTube

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**2 attachments**

Special Event Permit Revised.pdf
1544K

SEP Checklist update.docx
14K

---

**John Sandoval** <jsandoval@copitx.com>                    Mon, Apr 20, 2026 at 9:08 AM

**EXHIBIT H**

To: Susie Alcocer <salcocer@copitx.com>, Jared Hockema <citymanager@copitx.com>, "dhuffman@myspi.org" <dhuffman@myspi.org>, "Victoria.Garza@txdot.gov" <Victoria.Garza@txdot.gov>, NICOLAS FUENTES <nico@x-peditionscholarsinc.org>

Mr. Fuentes,

Thank you for your submission for X-PEDITION TO PADRE – SUMMER PART DEUX as a result of a standing moratorium we will be unable to process your request for this event at this time. The moratorium does stipulate "that any event that was not previously approved at least once in the preceding 24 months" will not be approved. Thank you for your understanding in this matter.

John Sandoval
Assistant to the City Manager, C.P.M.
City of Port Isabel

E-mail: jsandoval@copitx.com
Cell phone: 956-466-7668
Office: 956-943-3523

**From:** Susie Alcocer <salcocer@copitx.com>
**Sent:** Friday, April 17, 2026 5:16 PM
**To:** Jared Hockema <citymanager@copitx.com>; John Sandoval <jsandoval@copitx.com>
**Subject:** Fw: Official Submission: SUMMER PART DEUX – USA Cycling Sanctioned TT

Sent from my Verizon, Samsung Galaxy smartphone
Get Outlook for Android

**From:** NICOLAS FUENTES <nico@x-peditionscholarsinc.org>
**Sent:** Friday, April 17, 2026 2:44:14 PM
**To:** Susie Alcocer <salcocer@copitx.com>; dhuffman@myspi.org <dhuffman@myspi.org>; Victoria.Garza@txdot.gov <Victoria.Garza@txdot.gov>
**Subject:** Official Submission: SUMMER PART DEUX – USA Cycling Sanctioned TT

[Quoted text hidden]

EXHIBIT H



NO. ___2026-DCL-02228___

Received
Clerk of District Court

| | | |
|---|---|---|
| NICOLAS (NICO) FUENTES, | § | IN THE DISTRICT COURT APR 2 1 2026 |
| Individually and as Next Friend of | § | |
| | | Cameron County |
| MATTHEW RYAN FUENTES, a Minor | § | CAMERON COUNTY, TEXAS Brownsville, Texas |
| with a Disability; and | § | |
| X-PEDITION SCHOLARS INC., | § | CAUSE NO. 2026-DCl-02228 |
| a Texas 501(c)(3) Corporation, | § | [PROPOSED] TEMPORARY |
| Plaintiffs, | § | RESTRAINING ORDER |
| v. | § | AND ORDER TO |
| CITY OF PORT ISABEL, TEXAS; and | § | SHOW CAUSE |
| JARED HOCKEMA, in His Individual and | § | |
| Official Capacity as City Manager, | § | 404th JUDICIAL DISTRICT |
| Defendants. | § | |

On this _____ day of April, 2026, the Court considered Plaintiffs' Emergency Application for Temporary Restraining Order and finds: (1) the injury is permanent loss of Plaintiffs' May 17, 2026 cycling event caused by Defendants' permit refusal; (2) the injury is irreparable because money damages cannot restore the lost event or minor Plaintiff Matthew Ryan Fuentes' participation therein; and (3) notice was not given because time is insufficient and Defendants' same-day denial demonstrates advance notice would not produce compliance. The Application is GRANTED.

**IT IS HEREBY TEMPORARILY ORDERED AS FOLLOWS:**

1. Defendants, their officers, agents, servants, employees, and attorneys, are HEREBY TEMPORARILY RESTRAINED AND ENJOINED from: (a) denying or blocking Plaintiffs' permit for the X-Pedition to Padre cycling event, May 17, 2026, State Highway 100, Port Isabel, Texas; (b) applying Resolution No. 07-03-2024-4 or any moratorium selectively against Plaintiffs while continuing to approve causeway closures for other event organizers, or enforcing any 24-month prior approval requirement not established by published City Commission ordinance or resolution; and (c) denying said permit on any grounds other than written, published safety or insurance criteria uniformly applied to all applicants on the same route.

2. Defendants are TEMPORARILY ORDERED to process Plaintiffs' permit application within seventy-two (72) hours using only written, published,

uniformly-applied safety and insurance criteria.

3. This is a TEMPORARY RESTRAINING ORDER only and shall automatically expire fourteen (14) days from the date of its entry. The Court is not permanently bound by this Order and may dissolve or modify it at any time upon further hearing.

4. A hearing on Plaintiffs' Application for Temporary Injunction is SET at the earliest possible date:

Date: _____, 2026

Time: _____ .M.

Courtroom: _____

Cameron County Courthouse, 974 E. Harrison St., Brownsville, Texas 78520

5. Defendants shall file any written response no later than _____, 2026.

6. Bond is temporarily set at $ _____ (_____ Dollars), to be posted by Plaintiffs upon entry of this Order.

7. This Temporary Restraining Order expires on: _____, 2026, at _____ .M.

**THE VIOLATION OF A TEMPORARY RESTRAINING ORDER IS PUNISHABLE BY CONTEMPT UNDER RULE 692 OF THE TEXAS RULES OF CIVIL PROCEDURE.**

SIGNED this _____ day of _____, 2026, at _____ .M.

_____

PRESIDING JUDGE

_____ JUDICIAL DISTRICT COURT

CAMERON COUNTY, TEXAS